PEOPLE v FITCHETT

Docket No. 43546. Submitted November 15, 1979, at Lansing.—Decided March 17, 1980.

Timothy R. Fitchett was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit a larceny therein, Oakland Circuit Court, Robert B. Webster, J., and sentenced to a term of imprisonment. In exchange for the plea a charge of burning a dwelling house was dismissed. Following his preliminary examination the defendant, who was 17 years old when the offenses were committed, requested youthful trainee status, which was denied. Defendant appeals by leave granted. *Held:*

The Holmes Youthful Trainee Act is a remedial statute which is to be construed liberally. The age of the offender is a factor to be considered by a trial court when determining whether to grant youthful trainee status. However, an equally important factor is the seriousness of the offense. Given the nature of the offenses involved in this case, the trial court did not abuse its discretion in denying the defendant's request for youthful trainee status.

Affirmed.

1. CRIMINAL LAW — STATUTES — HOLMES YOUTHFUL TRAINEE ACT.

The Holmes Youthful Trainee Act is a remedial statute and should be construed liberally (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

2. CRIMINAL LAW — YOUTHFUL TRAINEES — SERIOUSNESS OF OFFENSE — AGE OF DEFENDANT.

The seriousness of the offense is a factor intended by the Legislature to stand on an equal footing with age when the competing factors are weighed by a trial court in making a decision as to whether or not to grant a defendant youthful trainee status.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 579.
[2] 21 Am Jur 2d, Criminal Law § 583 *et seq.*

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Ronald Weitzman,* Assistant Prosecuting Attorney, for the people.

*Clarence M. Gabel,* for defendant.

Before: T. M. Burns, P.J., and Cynar and A. M. Bach,* JJ.

Cynar, J. Defendant was convicted, upon his plea of guilty, of breaking and entering an occupied dwelling with the intent to commit larceny therein, MCL 750.110; MSA 28.305, and was sentenced to 1 to 15 years imprisonment. In exchange for tendering his plea, a charge of burning a dwelling house, MCL 750.72; MSA 28.267, was dismissed. Defendant appeals by leave granted.

The facts as admitted by defendant at his plea-taking proceeding indicated that a cohort of defendant gained entry into a dwelling house in Highland, Michigan, by breaking a window and climbing through it. He then opened a door and let in the defendant, whereupon the two searched the home for money and valuables. Next, the two looked for some gasoline with which to set fire to the dwelling. According to defendant, they were seen at this time, apparently by a neighbor. Defendant found a can of gasoline in the garage, carried it into the house, doused the floor with gas, and set fire to it. The pair then left the premises.

Following preliminary examination, defendant petitioned the trial court for assignment to youthful trainee status under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11)

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*et seq.* The trial court's denial of said petition forms the basis of this appeal.

Defendant contends that the trial court abused its discretion in denying him youthful trainee status. Defendant mounts a three-pronged attack on the lower court ruling, claiming that: (1) the legislative intent of the Youthful Trainee Act is to provide a remedial training opportunity for youthful offenders based *primarily* on their age; (2) as a remedial statute, the act should be liberally construed; and (3) denial of youthful trainee status to defendant, who was near to the lower age limit within which the act applies,[1] on the basis of the gravity of the offenses with which defendant was charged was a clear abuse of discretion.

We agree with defendant that the Holmes Youthful Trainee Act is a` remedial statute and should be construed liberally. *People v Bandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971), *lv den* 386 Mich 753 (1971). And certainly, age is a factor which must weigh heavily in the exercise of the lower court's discretion, although we are not prepared to ascribe to it the primacy defendant urges us to. Also, there are without question other factors which must be examined and which will afect the balancing process.

However, contrary to the position proffered by the defendant, we believe that the seriousness of the offense is a factor intended by the Legislature to stand on an equal footing with age when the competing factors are weighed by the trial court in exercising its discretion. That this was intended by the Legislature is apparent on the face of MCL 762.11; MSA 28.853(11), which reads:

---

[1] The age range within which the act applies is between a youth's seventeenth and twentieth birthdays. MCL 762.11; MSA 28.853(11). Defendant was seventeen years old at the time the offenses were alleged to have been committed.

"Sec. 11. When a youth is alleged to have committed a criminal offense, *other than murder in the first degree or a major controlled substance offense,* between the youth's seventeenth and twentieth birthdays, the court of record having jurisdiction of the criminal offense may with the consent of both the affected youth and the youth's legal guardian or guardian ad litem elect to consider and assign that youth to the status of youthful trainee." (Emphasis added.)

The statute creates a class of offenses which per se exclude a youthful criminal offender from consideration for trainee status, thus divesting a trial court of any discretion in the matter. Implicit in this categorization is a legislative intendment that the *nature* and *severity* of any other crime(s) with which an eligible offender is charged should weigh heavily in the exercise of the trial court's discretion with respect to granting trainee status. Given the nature and severity of the offenses charged in the case at bar, *viz.,* breaking and entering an occupied dwelling with the intent to commit larceny, punishable by a maximum of 15 years incarceration, and arson of a dwelling house, which carries a 20-year maximum sentence, we conclude that: (1) the trial court could and did properly consider the species of offenses in its exercise of discretion; and (2) the trial court's denial of youthful trainee status did not constitute a clear abuse of discretion in this case. Accordingly, we refuse to reverse the lower court on this point.

Finally, we find no infirmity in defendant's sentencing, as we conclude that no improper factors were considered by the trial court in imposing sentence. *People v Samuelson,* 75 Mich App 228, 235; 254 NW2d 849 (1977), *People v Means,* 49 Mich App 570, 572; 212 NW2d 288 (1973), *People v McIntosh,* 62 Mich App 422, 441-446; 234 NW2d

157 (1975), *modified on other grounds* 400 Mich 1;
252 NW2d 779 (1977).

We find no error necessitating reversal and
therefore affirm defendant's conviction and sentence.

Affirmed.