PEOPLE v GIOVANNINI

Docket No. 261017. Submitted June 7, 2006, at Detroit. Decided June 20, 2006, at 9:00 a.m. Leave to appeal sought.

James John Giovannini pleaded guilty in the Wayne Circuit Court to two separate charges of second-degree home invasion committed when he was 17 years old. The trial court, Gregory D. Bill, J., refused the defendant's request to be sentenced under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*, because the defendant was convicted of more than one criminal offense. The defendant appealed his sentences of five years' probation by delayed leave granted.

The Court of Appeals *held*:

1. Although the Michigan Supreme Court vacated an opinion by this Court holding that a defendant who pleads guilty of more than one offense is eligible for sentencing under the YTA, the Supreme Court's order did not address the merits of this Court's holding. As a result, neither this Court's opinion nor the order vacating it is binding precedent on the issue.

2. References in the YTA to "a criminal offense" or "the criminal offense" should not be read as a substantive limitation excluding those with more than one conviction from eligibility for sentencing under the YTA. The Legislature's use of a singular term may extend to a plural number, and if the Legislature had meant to exclude individuals with more than one conviction from participation in the YTA, it could easily have done so. Extending YTA eligibility to those with more than one conviction comports with the wide discretion the YTA gives trial courts in employing it to sentence youthful offenders and with the fact that the YTA is a remedial statute that should be construed liberally.

Reversed and remanded for further proceedings.

SENTENCES — YOUTHFUL TRAINEE ACT — WORDS AND PHRASES.

References in the Youthful Trainee Act to "a criminal offense" or "the criminal offense" are not a substantive limitation excluding those with more than one conviction from eligibility for sentencing under the act (MCL 762.11).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Valerie M. Steer*, Assistant Prosecuting Attorney, for the people.

*John J. Holler III* for the defendant.

Before: COOPER, P.J., and NEFF and BORRELLO, JJ.

PER CURIAM. Defendant appeals by delayed leave granted sentences of five years' probation imposed for plea-based convictions of second-degree home invasion, MCL 750.110a(3), in each of two separate cases. At issue is whether the trial court erred in ruling that it was precluded from sentencing defendant under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*, on the basis that defendant was convicted of more than one criminal offense. We hold that defendant was not ineligible for sentencing under the YTA solely because he was convicted of two criminal offenses. We therefore reverse and remand for reconsideration of defendant's YTA request.

## I. BACKGROUND

Defendant was involved in a series of home invasions, culminating in a second-degree home invasion charge against defendant and another youth for an incident that occurred on August 19, 2003. Defendant was also separately charged with second-degree home invasion for an incident that occurred on August 14, 2003. The lower court records indicate that defendant was 17 years old when he committed the offenses.

Defendant sought to plead guilty in both cases and request assignment as a youthful offender under the

YTA. The prosecutor objected, arguing that defendant was ineligible for sentencing under the YTA because his case involved more than one offense, contrary to the YTA statutory language that referred to "a criminal offense" and "the criminal offense" in the singular. The trial court reluctantly agreed on the basis that the Michigan Supreme Court had vacated in part *People v Harns,* 227 Mich App 573; 576 NW2d 700 (1998) (*Harns I*), in which this Court concluded that the references in the singular in the YTA were not jurisprudentially significant and thus a defendant convicted of more than one crime may be placed on YTA status. *People v Harns,* 459 Mich 895 (1998) (*Harns II*). The trial court expressly stated that were it permitted to do so, it would grant defendant youthful trainee status.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision concerning a defendant's assignment under the YTA. *People v Bobek,* 217 Mich App 524, 532; 553 NW2d 18 (1996); *People v Fitchett,* 96 Mich App 251, 254; 292 NW2d 191 (1980).

Statutory interpretation is a question of law that is reviewed de novo on appeal. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 62; 642 NW2d 663 (2002); *Bobek, supra* at 528. "In interpreting the YTA, our goal is to ascertain and give effect to the Legislature's intent. Statutory language should also be construed reasonably, keeping in mind the purpose of the act." *Bobek, supra* at 528 (citations omitted).

## III. ANALYSIS

"The YTA offers a mechanism by which youths charged with committing certain crimes between their

seventeenth and twenty-first birthdays may be excused from having a criminal record." *Bobek, supra* at 528-529. This remedial legislation was "designed to alleviate problems with young offenders by permitting the use of rehabilitation procedures prior to conviction . . . ." *People v Perkins,* 107 Mich App 440, 444; 309 NW2d 634 (1981). The act establishes an administrative procedure exercisable at the discretion of the trial judge when requested to do so by the affected youth. *People v Bandy,* 35 Mich App 53, 58; 192 NW2d 115 (1971).

At the time defendant sought assignment under the YTA, the act provided, in pertinent part:[1]

> If an individual pleads guilty to a charge of a criminal offense, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. [MCL 762.11.]

The question raised is whether the statutory references to "a criminal offense" and "the criminal offense" in the singular preclude assignment under the YTA for a youthful defendant who pleads guilty of more than one offense. "This Court should first look to the specific statutory language to determine the intent of the Legislature," which "is presumed to intend the meaning that the statute plainly expresses." *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand),* 217 Mich App 7, 12; 551 NW2d 199 (1996). If the

---

[1] The act was amended, effective October 1, 2004, to exclude individuals convicted of various criminal sexual conduct offenses or who are registered sex offenders.

language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Id.*; *Tryc v Michigan Veterans' Facility,* 451 Mich 129, 135; 545 NW2d 642 (1996). Statutory language is to be given its ordinary and generally accepted meaning, although if the statute defines a given term, that definition is controlling. *Tryc, supra* at 135-136.

Contrary to the prosecutor's argument, we do not find that the statute clearly and unambiguously limits granting youthful trainee status to those defendants who have committed a single offense. Because the provision necessarily includes placement for defendants who commit only a single offense, references to "criminal offenses" in the plural would not comport with the substantive intent of the act and would be grammatically cumbersome. Likewise, there is no language referring to more than one criminal offense. The statute is therefore ambiguous and subject to interpretation.

### A. *HARNS II* AS PRECEDENT

In *Harns I*, this Court held that despite references to "a criminal offense" and "the criminal offense," a defendant who pleads guilty of more than one offense is eligible for YTA consideration. *Harns I, supra* at 577-578. The Court further held that because the statute refers to a guilty plea, a defendant who pleads no contest is ineligible for YTA consideration. *Id.* at 579-580.

On appeal, the Supreme Court vacated the portion of this Court's opinion addressing one versus more than one conviction, finding it "unnecessary for the Court of Appeals to address this issue in light of its conclusion that the defendant could not be placed on Youthful Trainee Act status because he pled nolo contendere instead of guilty." *Harns II, supra* at 895.

To the extent the trial court determined that *Harns II* precluded it from finding defendant eligible for YTA status, it erred. Supreme Court orders that include a decision with an understandable rationale establish binding precedent. *People v Crall,* 444 Mich 463, 464 n 8; 510 NW2d 182 (1993); *People v Phillips (After Second Remand),* 227 Mich App 28, 38 n 11; 575 NW2d 784 (1997). When the Supreme Court vacated the relevant portion of *Harns I,* it did not express agreement or disagreement with this Court's analysis or otherwise address the merits of the issue. Rather, the Supreme Court determined that consideration of the issue was unnecessary. Thus, the Supreme Court's order cannot be understood as expressing an opinion on how the issue should be decided.

This Court's decision in *Harns I* also no longer has precedential effect, because "[a] Court of Appeals opinion that has been vacated by the majority of the Supreme Court without an expression of approval or disapproval of this Court's reasoning is not precedentially binding." *People v Akins,* 259 Mich App 545, 550 n 8; 675 NW2d 863 (2003). Thus the issue raised by defendant was essentially one of first impression, *id.* at 551, leaving the trial court free to decide the issue itself.

### B. RULING ON THE MERITS

If *Harns II* were the only basis for the trial court's decision, a proper remedy would be to remand the case and permit the court to decide the issue in the first instance. Appellate review is generally limited to issues raised before and decided by the trial court. *Fast Air, Inc v Knight,* 235 Mich App 541, 549; 599 NW2d 489 (1999). However, this Court may consider an unpreserved issue "if the question is one of law and all the facts necessary for its resolution have been presented or where necessary for

a proper determination of the case." *Providence Hosp v Nat'l Labor Union Health & Welfare Fund,* 162 Mich App 191, 194-195; 412 NW2d 690 (1987) (citations omitted).

In the relevant portion of its opinion, *Harns I, supra* at 577-578, the Court stated:

> The Legislature has provided us with the necessary rule of statutory construction to decide this issue. MCL 8.3b; MSA 2.212(2) provides in pertinent part: "Every word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number." See *Empire Iron Mining Partnership v Orhanen,* 455 Mich 410, 428; 565 NW2d 844 (1997); *Crowley, Milner & Co v Macomb Circuit Judge,* 239 Mich 605, 615; 215 NW 29 (1927). Thus, the phrases "a criminal offense," or "the criminal offense," can be construed to mean "criminal offenses."
>
> Furthermore, if the Legislature had meant to exclude individuals with more than one conviction from participation in the YTA, it could easily have done so. Where the Legislature has intended to limit similar measures to individuals who are charged or plead guilty of only one offense, it has expressly said so. The general expunction statute applies to "a person who is convicted of not more than 1 offense . . . ." MCL 780.621(1); MSA 28.1274(101)(1). Likewise, the expunction statute in the Public Health Code states: "There may be only 1 discharge and dismissal under this section as to an individual." MCL 333.7411(1); MSA 14.15(7411)(1). The omission of similar language from the YTA indicates that the Legislature did not intend to exclude youthful offenders with more than one conviction from participation.[2]

---

[2] We note in passing that there are a number of reported cases in which a defendant who was charged with more than one offense was assigned to, or found to be eligible for, YTA status. See, e.g., *People v Mahler,* 156 Mich App 799; 402 NW2d 93 (1986); *People v Cochran,* 155 Mich App 191; 399 NW2d 44 (1986); *People v Bracey,* 124 Mich App 401;

335 NW2d 49 (1983); *People v Wilson*, 97 Mich App 579; 296 NW2d 110 (1980); *People v Bandy*, 35 Mich App 53; 192 NW2d 115 (1971). We recognize that this precise issue was not addressed in these cases. Nevertheless, the fact that the Legislature remained silent after the release of these cases suggests that it did not object to an interpretation of the YTA that permitted youthful trainee status to be granted to individuals that were convicted of more than one offense. See *Craig v Larson*, 432 Mich 346, 353; 439 NW2d 899 (1989).

---

We find the reasoning in *Harns I* a sound basis for declining to read a substantive limitation into the YTA with respect to the references to the phrase "criminal offense." We agree that had the Legislature intended the references as a substantive limitation on eligibility under the YTA, the limitation would have been expressly stated and not left to conjecture.

Further, we conclude that such a limitation would not be in keeping with the clear discretion granted a trial court in applying the YTA. A trial court has wide discretion in placing a youthful offender under the YTA, subject to review by the appellate courts. *People v Teske*, 147 Mich App 105, 107-109; 383 NW2d 139 (1985); see also *Bobek, supra* at 531 (a court has discretion to amend a term of probation imposed under the YTA). The case law clearly reflects the trial courts' exercise of that discretion, and further reflects that the appellate courts have upheld decisions denying placement in appropriate cases in which YTA status was unwarranted because of the nature and severity of the offense and the circumstances of the offender. See, e.g., *Teske, supra* at 106-107 (trial court did not abuse its discretion in denying YTA status to armed robbery defendant with no prior convictions or criminal justice history and instead imposing a sentence of two to ten years' impris-

onment); *Fitchett, supra* at 252, 254 (no abuse of discretion in denial of YTA status to defendant who pleaded guilty to breaking and entering an occupied dwelling with the intent to commit larceny, in exchange for dismissal of arson of a dwelling house charge, and in sentencing him to one to 15 years' imprisonment). This Court has also reversed the decision of the trial court if the exercise of its discretion was deemed to have been improper. See, e.g., *Bobek, supra* at 526, 531-532 (the trial court abused its discretion in terminating probation and YTA status of the defendant after 28 days of her two-year probationary term absent proof of rehabilitation). Interpreting MCL 762.11 to permit placement under the YTA only in cases involving a single offense would work contrary to the discretion invested in the trial court and to the overall purpose of the act. "The YTA is a remedial statute and should be construed liberally for the advancement of the remedy." *Bobek, supra* at 529.

## IV. DISPOSITION

Plaintiff argues that the trial court's denial of YTA status in this case should nonetheless be affirmed because defendant does not merit placement under the YTA given the nature of the crimes he has committed. Although the trial court indicated that it would grant YTA status to defendant if permitted by law, the trial court erroneously concluded that it was not permitted to do so. Because a court "by definition abuses its discretion when it makes an error of law," *Koon v United States*, 518 US 81, 100; 116 S Ct 2035; 135 L Ed 2d 392 (1996), we remand this case to the trial court for a ruling on defendant's request for placement under the YTA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.