PEOPLE v KHANANI

Docket No. 301138. Submitted January 5, 2012, at Detroit. Decided
    March 1, 2012. Approved for publication April 10, 2012, at 9:10
    a.m.

Imran Khanani pleaded guilty in the Wayne Circuit Court in two
    separate cases of identity theft, MCL 445.65, stealing or retaining
    a financial transaction device without consent, MCL 750.157n(1),
    breaking and entering a vehicle causing damage, MCL
    750.356a(3), larceny from a motor vehicle, MCL 750.356a(1), and
    stealing or retaining a financial transaction device without con-
    sent, MCL 750.157n(1). Following the plea hearing for those
    charges, the court, Cynthia Gray Hathaway, J., informed Khanani
    that she intended to sentence him under the Holmes Youthful
    Trainee Act (HYTA), MCL 762.11 et seq. Khanani thereafter
    pleaded guilty, in a third case, of first-degree home invasion, MCL
    750.110a(2), for a crime he committed while on bond before
    sentencing on the earlier plea-based convictions. At the subse-
    quent sentencing hearing for all the plea-based convictions, the
    trial court assigned Khanani to youthful-trainee status under
    HYTA and sentenced him on each offense to one year in jail
    without early release and three years' probation. The prosecution
    appealed by delayed leave granted.

    The Court of Appeals held:

    1. Under HYTA, defendants charged with committing certain
    crimes while between the ages of 17 and 21 may be excused from
    having a criminal record. Assignment to youthful-trainee status
    does not constitute a conviction of a crime unless the court revokes
    the defendant's status. HYTA is evidence of a legislative intent
    that persons in that age group not be stigmatized with criminal
    records for immature acts made without reflection. A trial court
    has wide discretion in placing a youthful offender under HYTA,
    but when making the decision should consider the seriousness of
    the offense, the defendant's age, and whether the defendant was
    on bond for another offense when the crime was committed.

    2. Khanani was 19 years old when he invaded the home of a
    friend's family 3 weeks after his plea-based convictions for less
    serious crimes for which he was offered possible youthful-trainee

status and 17 days after a lengthy discussion with the probation agent about the significance of the youthful-trainee program for his future. In addition, the trial court noted that it was frightened by Khanani, that time would determine whether he was a serious predator as described by the prosecutor, and that it would grant him youthful-trainee status as an acknowledgement of his family's efforts in raising him. The trial court abused its discretion by assigning Khanani to youthful-trainee status on all charges in light of the relevant circumstances, including his age, the seriousness of the home-invasion offense, and the fact that defendant was on bond when he committed that offense, all of which revealed that his five earlier felonies were not simply uncharacteristic acts of immaturity.

3. Because the trial court abused its discretion by assigning Khanani to youthful-trainee status, it was unnecessary to address whether the sentencing guidelines apply to conditions imposed by a court under MCL 762.13 of HYTA.

Reversed and remanded for resentencing.

STEPHENS, J., dissenting, agreed with the majority's summary of the applicable law, but would have remanded the cases to the trial court for further articulation of the reasons for assigning Khanani to youthful-trainee status. It was unclear what factors ultimately motivated the court's decision to sentence Khanani under HYTA.

SENTENCES — HOLMES YOUTHFUL TRAINEE ACT — ASSIGNMENT — ABUSE OF DISCRETION.

Under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, defendants charged with committing certain crimes while between the ages of 17 and 21 may be assigned to youthful-trainee status, which does not constitute a conviction of a crime unless the court revokes the defendant's status; HYTA is evidence of a legislative intent that persons in that age group not be stigmatized with criminal records for immature acts made without reflection; a trial court has wide discretion in placing a youthful offender under HYTA, but when making its decision should consider the defendant's age, the seriousness of the offense, and whether the defendant was on bond for another offense when the crime was committed.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Train-

ing, and Appeals, and *Marilyn A. Eisenbraun*, Assistant Prosecuting Attorney, for the people.

· *Michael J. McCarthy, P.C.* (by *Michael J. McCarthy*), for defendant.

Before: DONOFRIO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. The prosecution appeals by delayed leave granted[1] the sentences imposed following defendant's guilty pleas in three cases. First, in LC No. 09-030086-FJ, defendant pleaded guilty of identity theft, MCL 445.65, and stealing or retaining a financial transaction device without consent, MCL 750.157n(1). Second, in LC No. 10-001149-FH, defendant pleaded guilty of breaking and entering a vehicle causing damage, MCL 750.356a(3), larceny from a motor vehicle, MCL 750.356a(1), and stealing or retaining a financial transaction device without consent, MCL 750.157n(1). Third, in LC No. 10-003752-FH, defendant pleaded guilty of first-degree home invasion, MCL 750.110a(2). For each offense the trial court sentenced defendant to one year in jail without early release and three years' probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.* In all three cases, we reverse and remand for resentencing. Further, defendant shall have an opportunity to withdraw his guilty pleas on any conditional pleas predicated on HYTA status being granted.

The prosecution argues that the trial court abused its discretion by granting youthful-trainee status to defendant. We agree. "This Court reviews for an abuse of

---

[1] *People v Khanani*, unpublished order of the Court of Appeals, entered February 11, 2011 (Docket No. 301138).

discretion a trial court's decision concerning a defendant's assignment under the [HYTA]." *People v Giovannini*, 271 Mich App 409, 411; 722 NW2d 237 (2006). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"The [HYTA] offers a mechanism by which youths charged with committing certain crimes between their seventeenth and twenty-first birthdays may be excused from having a criminal record." *People v Bobek*, 217 Mich App 524, 528-529; 553 NW2d 18 (1996). The HYTA provides in relevant part:

> Except as provided in subsections (2) and (3),[2] if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. [MCL 762.11(1).]

"An assignment to youthful trainee status does not constitute a conviction of a crime unless the court revokes the defendant's status as a youthful trainee." *People v Dipiazza*, 286 Mich App 137, 141; 778 NW2d 264 (2009). The HYTA "evidences a legislative desire that persons in this age group not be stigmatized with criminal records for unreflective and immature acts." *People v Perkins*, 107 Mich App 440, 444; 309 NW2d 634 (1981). A defendant is "not ineligible for sentencing under the [HYTA] solely because he was convicted of two criminal offenses." *Giovannini*, 271 Mich App at 410.

---

[2] These subsections, MCL 762.11(2) and (3), do not apply in this case.

"A trial court has wide discretion in placing a youthful offender under the [HYTA], subject to review by the appellate courts." *Giovannini*, 271 Mich App at 416. In exercising its discretion, a trial court should consider the seriousness of the offense as a factor on an equal footing with the defendant's age. *People v Fitchett*, 96 Mich App 251, 253; 292 NW2d 191 (1980). In *Fitchett*, the defendant was 17 years old, "near to the lower age limit within which the act applies." *Id*. Nonetheless, this Court determined that there was no abuse of discretion in the denial of youthful-trainee status in light of the nature and severity of the charged offenses, i.e., "breaking and entering an occupied dwelling with the intent to commit larceny, punishable by a maximum of 15 years incarceration, and arson of a dwelling house, which carries a 20-year maximum sentence . . . ." *Id*. at 254; see also *People v Teske*, 147 Mich App 105, 106-109; 383 NW2d 139 (1985) (concluding that there was no abuse of discretion in the denial of youthful-trainee status to a 17-year-old defendant who committed armed robbery given the seriousness of the offense).

In this case, the trial court's decision to grant youthful-trainee status fell outside the range of reasonable and principled outcomes in light of the relevant circumstances, including defendant's age, the seriousness of the home-invasion offense and the timing of its commission a mere three weeks after being placed on bond pending sentencing for the earlier offenses and even being instructed at that time by the trial court and his probation officer of the benefits of HYTA treatment and that he could be referred for HYTA consideration. Specifically, at the plea hearing in the first two cases, the trial court expressed its intent to refer defendant, who turned 19 years old the day after the hearing, for HYTA consideration. Three weeks later, while on bond awaiting sentencing, defendant invaded Veena Jindal's

home. Defendant later acknowledged that Jindal's son had befriended him, providing him with a ride to school every day and helping him with his homework. The Jindals twice had defendant to their home for dinner. Apparently using his knowledge of the Jindal home, defendant and an accomplice entered the home without permission in the middle of the night with the intent to commit larceny, terrifying Jindal's 20-year-old daughter, who hid in a closet for 15 minutes as defendant and his accomplice ransacked the home. Months later, the Jindal family continued to experience fear living in their home.

The defense contends that defendant was a follower rather than a leader. However, it was defendant who knew the Jindal family and who had been a guest in their home, and it was thus defendant who was able to exploit his knowledge of that home to invade it. It therefore appears unlikely that the Jindals would have been targeted but for defendant's relationship with the family. Further, defendant committed the home invasion while on bond, a mere 21 days *after* he was offered possible youthful-trainee status for less serious crimes and a mere 17 days *after* a lengthy discussion with the probation officer regarding the significance of the youthful-trainee program for his future. These facts establish far more than an uncharacteristic lack of maturity or reflection by a young offender. Rather, they show a calculated effort by defendant both to exploit a family that had befriended him and to escalate his criminal activity in defiance of the potential lenient treatment offered to him for his other crimes. Defendant's commission of the more serious home-invasion offense while on bond also reveals that his five earlier felonies were not simply uncharacteristic acts of immaturity. In

these circumstances, a reasonable and principled basis on which to grant youthful-trainee status did not exist.

In addition, the trial court's own statements at sentencing reflected that defendant was not an appropriate candidate for youthful-trainee status. The court stated that it was "frighten[ed]" by defendant's actions. After the prosecutor described defendant as "a very serious predator," the trial court noted that the prosecutor's description of defendant was "not totally inaccurate" and that the prosecutor had

> hit the nail on the head. It's scary because there's something going on inside of you that not only has allowed you to do these things here, but maybe if you get another chance, and you will get another chance. I don't know if it'll be today, I don't know if it'll be a year from now, two or three years from now, you may do something even worse because you've got that kind of a profile.

The trial court further told defendant that "you frighten me. Quite frankly, you frighten me. I'm going to give you somewhat of a break." After stating that it would grant HYTA status for three cases for the first time in any sentencing the court had conducted, the court told defendant that "we'll see if [the prosecutor] has accurately described you today, which I think she has. But we'll see for sure, okay?" Finally, after defendant thanked the court for its sentence, the court stated: "Well, I did it for your family. . . . I think that they deserve some acknowledgement of the effort that they've put into trying to raise you to be a productive and constructive citizen. So, I did it for them. Now you take it from here, okay."

Given the trial court's description of defendant as "frighten[ing]" and its apparent agreement with the prosecutor's description of defendant as a serious

predator, it was not reasonable to grant youthful-
trainee status and then state that "we'll see" if the
prosecutor's description was correct. Such a decision
reflects a failure to appropriately take into account the
nature and severity of the crimes and the importance of
public safety. Further, the trial court's statement that
defendant's parents deserved acknowledgement for
their efforts to raise defendant to be a productive
citizen was not a principled basis on which to grant
youthful-trainee status. The court's decision must be
based on an evaluation of the relevant circumstances,
including the defendant's age and the seriousness of the
offense. Youthful-trainee status should not be used as a
mere vehicle to communicate the court's acknowledge-
ment of the parents' efforts.[3]

Finally, the prosecution recognizes that the sentenc-
ing guidelines have not been held to apply to conditions
imposed under the HYTA, but contends that the guide-
lines articulate legislatively determined categories of
appropriate sentencing considerations.[4] The prosecu-
tion contends that the trial court's scoring of the
guidelines in the absence of sentencing under the HYTA
would have placed defendant at prior record variable

---

[3] As our dissenting colleague points out, various parts of the trial
court's "freewheeling colloquy" with defendant might be construed as
implying additional conclusions about defendant and his sentence that
could possibly support the "extraordinary sentence" imposed. We are,
however, simply not comfortable basing our decision on what the trial
court might have implied in light of its explicit and definitive statements
on the record.

[4] The prosecution notes that in People v Johnson, 488 Mich 860; 788
NW2d 10 (2010), the Michigan Supreme Court remanded the case to this
Court for consideration as on leave to appeal granted "whether the
sentencing guidelines apply to conditions imposed by a court under MCL
762.13 of the Holmes Youthful Trainee Act." However, as the prosecution
observes, this Court later dismissed the appeal in Johnson on the
stipulation of the parties. People v Johnson, unpublished order of the
Court of Appeals, entered February 4, 2011 (Docket No. 294396).

level C and offense variable level II, with a recommended minimum sentence range of 30 months to 50 months for the first-degree home-invasion convictions.[5] Further, the prosecution opines that no substantial and compelling reasons existed to depart downward from the guidelines range and that the trial court did not state that any such reason existed before it chose to sentence under the HYTA. However, as the prosecution acknowledges, the sentencing guidelines have not been held to apply to the decision whether to grant youthful-trainee status. Absent such authority, the trial court's decision should not be reviewed as a decision to depart from the guidelines. In any event, we need not address the sentencing guidelines given our conclusion that the trial court abused its discretion by granting youthful-trainee status in light of the relevant circumstances discussed.

Reversed and remanded for resentencing in all three cases, at which time defendant shall have an opportunity to withdraw any conditional guilty pleas predicated on HYTA status being granted. We do not retain jurisdiction.

DONOFRIO, P.J., concurred with RONAYNE KRAUSE, J.

STEPHENS, J. (*dissenting*). I write to respectfully dissent from the conclusion of the majority that the trial court abused its discretion by affording the defendant status under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, through a sentence that requires incarceration, participation in treatment programs, employment, and a return to school. While I agree that the majority has correctly articulated the law applicable to this circumstance, I do not share its view that the trial

---

[5] See MCL 777.63.

court has sufficiently articulated the reasons for the sentence imposed and, therefore, would remand for further articulation of that reasoning.

HYTA is one of the possible sentencing options afforded to trial courts. Like every other sentencing option, there are four purposes of a HYTA sentence: protection of society, punishment of the offender, deterrence from further criminality by the offender or others, and rehabilitation. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 661-662; 620 NW2d 19 (2000). As with all sentences in Michigan, the sentence must be particularized to the individual and the offense. The majority correctly notes that if the trial court's basis for the sentence was to protect and preserve defendant's family, that reason is not within the range of principled outcomes, in part because it is a sentence that is not rooted in factors peculiar to the defendant himself. After all, every offender has some form of family. However, after a careful reading of a fairly lengthy sentencing transcript, I am not left with a firm conviction that protection or preservation of defendant's family was either the sole or the primary purpose of the HYTA sentence.

In a freewheeling colloquy with defendant, the trial court discussed defendant's immaturity and his intense desire to fit into some group as a result of his feelings of academic inferiority. It appears that, from that dialogue, the court implicitly found defendant to be more of follower than a leader. The court seemed to perceive that, in part because of his family support, immaturity, insecurity, and developing self-examination, he was susceptible to rehabilitation. The court ordered his participation in jail programming, albeit without nominating specific programs, as an aid to the rehabilitative process. In fact, the court required that this defendant

be exempt from jail crowding release without the trial court's permission. That caveat would allow the trial court to review not only whether defendant participated in jail programming, but also whether he benefited from the programming, much in the same manner as a court would monitor compliance with a parent-agency agreement. A failure to benefit or participate might well be a basis to revoke HYTA status. The court emphasized that failure to meet his HYTA requirements could result in a sentence that would dwarf the presumptive sentence under the sentencing guidelines that he would face had he not been granted HYTA status. This warning addresses the deterrence aspect of sentencing. The incarceration would have addressed the goals of punishment of the offender and protection of society.

While I do not believe that the trial court based its extraordinary sentence on the desire to preserve and protect defendant's family, it is unclear which factors ultimately did motivate the court's decision to exercise its discretion in this manner. I believe a remand for a full articulation of the basis of the trial court's decision is required, and I would remand the case to accomplish that objective.