*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ZENOVIS ANTHONY JENKINS,

Defendant-Appellee.

UNPUBLISHED
December 22, 2020

No. 348513
Wayne Circuit Court
LC No. 18-009275-01-FH

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's assignment of defendant, Zenovis Anthony Jenkins, to youthful trainee status pursuant to the Holmes Youthful Trainee Act, MCL 762.11 *et seq.* Because the court assigned defendant to HYTA in violation of MCL 762.11(1), we reverse and remand for resentencing.

On November 12, 2018, police pulled defendant over for a traffic violation of failing to signal before making a right-hand turn. Before defendant's car came to a stop, an officer observed defendant making motions as if to hide something under his seat. Police instructed defendant to exit the car and found a black Taurus 9 millimeter handgun, loaded with a magazine and 12 live rounds, under defendant's seat. Defendant did not possess a Concealed Pistol License (CPL). Relevant to the HYTA, he was 22 years old at the time of the incident.

The prosecution charged defendant with carrying a concealed weapon. Pursuant to a plea agreement, defendant pleaded guilty to a count of carrying a concealed weapon (attempt), MCL 750.227(1), in exchange for a sentence of 18 months' probation and 40 hours of community service. However, the judge presiding at the sentencing hearing[2] opined that the guilty plea and

---

[1] *People v Jenkins*, unpublished order of the Court of Appeals, entered October 28, 2019 (Docket No. 348513).

[2] The presiding judge at defendant's sentencing was not the same judge who had accepted defendant's plea.

charge reduction was not really a break because defendant would still have a felony conviction on his record. The court then asked the prosecuting attorney what he thought about granting defendant HYTA status. The attorney responded, "It's not my call, your Honor." The court replied, "It's not your call. Okay. Well. I'm going to make it my call. I think I am." After asking defendant about his employment, the court stated, "Okay. I'm going to go out on a limb here and sentence you under the Holmes Youthful Trainee Act. The People can appeal. Who knows, if they don't have anything better to do, they might do that." The prosecutor immediately asked to make a record and, after obtaining the court's leave, stated, "The People object." The court duly noted the objection.

On appeal, the prosecution argues that the court erred in assigning defendant HYTA status because defendant was 22 years old at the time he committed the charged offense and the prosecutor did not consent to granting him HYTA status. We agree. "This Court reviews for an abuse of discretion a court's decision to sentence a defendant under the HYTA." *People v Khanani*, 296 Mich App 175, 177-178; 817 NW2d 655 (2012). A court abuses its discretion when it "chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 178 (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). "We review de novo questions of law and statutory interpretation." *People v Aspy*, 292 Mich App 36, 40, 48; 808 NW2d 569 (2011).

The HYTA is a remedial statute that was "designed to alleviate problems with young offenders by permitting the use of rehabilitation procedures prior to conviction" upon petition of the defendant. *People v Giovannini*, 271 Mich App 409, 412; 722 NW2d 237 (2006). The statute "offers a mechanism by which youths charged with committing certain crimes between their seventeenth and twenty-[fourth][3] birthdays may be excused from having a criminal record." See *Khanani*, 296 Mich App at 178. Eligibility for the HYTA is set forth by MCL 762.11(1) as follows:

> Except as provided in subsections (2) and (3), if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-fourth birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. If the offense was committed on or after the individual's twenty-first birthday but before his or her twenty-fourth birthday, the individual shall not be assigned to youthful trainee status without the consent of the prosecuting attorney.

Crucial to the instant appeal is the provision that an otherwise eligible defendant who commits a crime on or after his twenty-first birthday "shall not be assigned to youthful trainee

---

[3] At the time *Khanani* was decided, eligible youths between the ages of 17 and 21 could be sentenced under the HYTA. In 2015, the Legislature increased the age of eligibility to 24 years. 2015 PA 31, effective August 18, 2015.

status without the consent of the prosecuting attorney." MCL 762.11(1). " 'Shall' is a mandatory term, not a permissive one." *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006). "Shall not" designates a prohibition. See *1031 Lapeer LLC v Rice*, 290 Mich App 225, 231; 810 NW2d 293 (2010). Thus, the plain language of MCL 762.11(1) prohibited the court from assigning the present defendant to HYTA status "without the consent of the prosecuting attorney." It is undisputed that the court did not obtain the consent of the prosecuting attorney before assigning defendant to HYTA status.

Nevertheless, defendant argues that his sentence is valid and cannot be modified because the prosecuting attorney waived his right to withhold consent when he told the court that assignment to HYTA status was "was not [his] call." We disagree.

The lynchpin of defendant's argument is his assertion that, when the prosecuting attorney said that assigning defendant to HYTA status was "not [his] call," he was, in defendant's words, "giving the authority to the trial court to make the call." However, this assumption finds no justification in the record.

The court's observations indicate that it knew the prosecuting attorney's consent was required before the court could assign defendant to HYTA status. The court was aware that defendant was 22-years old at the time he committed the charged offense,[4] and that, because of defendant's age, MCL 762.11(1) required the "consent of the prosecuting attorney" before assigning him to HYTA status. See *People v Gaines*, 306 Mich App 289, 302; 856 NW2d 222 (2014) ("A trial court is presumed to know the law."). The HYTA does not define "consent," but it may be understood as "compliance in or approval of what is done or proposed by another" or "agreement to an action or opinion." *Merriam-Webster's Collegiate Dictionary* (11th ed), p 265; see *People v Bobek,* 217 Mich App 524, 529; 553 NW2d 18 (1996) (stating that courts will use dictionary definitions "to construe the common and approved usage of undefined statutory terms"). The prosecuting attorney's response that assigning defendant to HYTA status was not his decision to make cannot be construed as "agreement to an action or opinion." The prosecuting attorney at the sentencing hearing was not the same attorney who had negotiated defendant's plea agreement on the prosecution's behalf, there is no evidence that defendant petitioned for assignment to HYTA status, and the plea agreement did not include assignment to HYTA status. Under these circumstances, the prosecuting attorney's statement likely indicated that he lacked the authority to change the terms of the plea agreement.

Further, the court does not appear to have construed the prosecuting attorney's statement as an expression of consent or as "giving the authority to the trial court to make the decision." The court's observations, "I'm going to make it my call" and "I'm going to go out on a limb here and sentence you under the Holmes Youthful Trainee Act," convey the court's awareness that it was sua sponte taking the decision upon itself, not that the prosecuting attorney had ceded the decision to the court, and that its assignment of defendant to HYTA status did not strictly accord with the requirements of MCL 762.11(1). Finally, once the court assigned defendant to HYTA status, the

---

[4] Prior to imposing sentence, the court put defendant's birth date and the date of the offense on the record, after which the court observed, "So he had just not too long before that turned 22."

prosecuting attorney expressly objected. In light of the foregoing, we conclude that the prosecution did not waive its right under MCL 762.11(1) to prevent the court from assigning defendant to HYTA by withholding its consent to such an assignment.

Defendant next argues that even if the prosecution did not waive its right to withhold consent, its generic objection was insufficient to preserve this issue for appellate review. Again, we disagree.

"The authority to sentence an offender under the HYTA is jurisdictional. Jurisdictional defects may be raised at any time." *People v Martinez*, 211 Mich App 147, 149; 535 NW2d 236 (1995) (quotation marks and citations omitted). In the present case, defendant's plea agreement did not provide for assignment to HYTA status, his age at the time he committed the charged offense prohibited the court from assigning him to HYTA status without the prosecuting attorney's consent, and the prosecuting attorney had not given his consent. Under these circumstances, the court lacked the power to assign defendant to HYTA status. By doing so nevertheless, in violation of MCL 762.11(1), the court abused its discretion. See *Franklin*, 500 Mich at 100. Accordingly, we reverse and remand for resentencing.

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ Brock A Swartzle
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher

-4-