*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 15, 2023

Plaintiff-Appellant,

v

No. 360344
Wayne Circuit Court
LC No. 22-000109-01-FH

SAMBA ALASAN CAMARA,

Defendant-Appellee.

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the order sentencing defendant under the
Holmes Youth Trainee Act (HYTA), MCL 762.11 *et seq.*, to 18 months' probation after defendant
pleaded guilty to reckless driving causing serious impairment of a body function, MCL 257.626(3).
On appeal, the prosecution argues that defendant did not qualify for HYTA status because of (a)
his age at the time of the offense, (b) the date of his guilty plea, and (c) that his offense was a
violation of the motor vehicle code, MCL 257.1 *et seq.* We vacate defendant's sentence under
HYTA and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 29, 2020, defendant was speeding and failed to stop at a stop sign, causing
a collision with another vehicle, and resulting in defendant's vehicle impacting a tree. Defendant's
passenger was seriously injured. Samples of defendant's blood after the crash were positive for
THC. It is undisputed that defendant was 17 years old at the time of the offense (date of birth:
March 23, 2003).

On April 19, 2021, defendant was charged with one count of operating while intoxicated
(OWI) causing serious injury, MCL 257.625(5), and one count of reckless driving causing serious

---

[1] *People v Camara*, unpublished order of the Court of Appeals, entered July 7, 2022 (Docket
No. 360344).

impairment of a body function, MCL 257.626(3). Defendant pleaded guilty on December 14, 2021, to reckless driving causing serious impairment of a body function. In exchange for having pleaded guilty, the OWI charge was dismissed.

At sentencing on January 27, 2022, the trial court noted the presentence investigation report (PSIR) indicated the injured passenger's family asked defendant not receive jail time. Defendant requested a sentence of probation under HYTA, as recommended by the probation department. The prosecutor objected to the application of HYTA on the ground of defendant's ineligibility because of his age at the time of the offense and when he pleaded guilty. The court sentenced defendant to 18 months' probation under HYTA, despite the prosecutor's objection. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

"The authority to sentence an offender under HYTA is jurisdictional. Jurisdictional defects may be raised at any time." *People v Martinez*, 211 Mich App 147, 149; 535 NW2d 236 (1995). However, "[t]o preserve claims of error, a party must object before the lower court." *People v Anderson*, 341 Mich App 272, 279; ___ NW2d ___ (2022).

The prosecutor objected to the grant of youthful trainee status at sentencing on the ground of defendant's ineligibility for HYTA status because of defendant's age and the date on which he pleaded guilty. On appeal, the prosecution also argues for the first time that defendant lacked eligibility for HYTA status because his offense was a violation of the motor vehicle code or a "traffic offense." The prosecutor's argument regarding defendant's eligibility for sentencing under HYTA on the basis of his age and the date of his guilty plea is preserved, but the prosecution failed to preserve the argument regarding defendant's ineligibility under HYTA regarding the type of offense.

This Court reviews for an abuse of discretion a trial court's decision whether to grant youthful trainee status. *People v Khanani*, 296 Mich App 175, 177-178; 817 NW2d 655 (2012). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Under this standard, a reviewing court will defer to the trial court's decision, unless the court's decision falls outside the range of reasonable and principled outcomes. *Id.* "[A] trial court necessarily abuses its discretion when it makes an error of law." *People v Hofman*, 339 Mich App 65, 69; 981 NW2d 112 (2021) (citation and quotation marks omitted). Further, this Court reviews de novo issues of statutory construction. *People v Perkins*, 280 Mich App 244, 248; 760 NW2d 669 (2008). We review unpreserved issues, constitutional and nonconstitutional, for plain error which requires demonstration that: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights. *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007).

## III. ANALYSIS

This matter requires interpretation of HYTA and determination whether the sentencing court erred in sentencing defendant under HYTA because defendant was ineligible for youthful

trainee status. "The primary goal in statutory interpretation is to ascertain and give effect to the Legislature's intent." *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 223; 779 NW2d 304 (2009). This Court should first look to the language of the statute and presume that the plain language of the statute expresses the Legislature's intent. *Id*. If the language of the statute is unambiguous, the Legislature's intent is clear, and judicial construction is not necessary or permitted. *Id*. "Because the role of the judiciary is to interpret rather than write the law, courts lack authority to venture beyond a statute's unambiguous text." *Id*. Generally, undefined words are given their plain and ordinary meanings. *Id*. "Where words have acquired a peculiar and appropriate meaning in the law, they should be construed according to that meaning." *Id*. (quotation marks and citation omitted). Where the Legislature has defined a term in a statute, that definition controls. *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013).

Preliminarily:

HYTA was passed in 1966 and originally covered youths between the ages of 17 and 24, allowing these late adolescents to be assigned "youthful trainee" status and to be placed on probation if they plead guilty to a criminal offense. In 2021, the qualifying age for HYTA sentencing was raised to late adolescents between the ages of 18 and 26. 2020 PA 396. Both federal and state laws suggest that our society has judged 18-year-olds as not sufficiently mature to engage in certain risky and potentially dangerous activities; these laws recognize that 18-year-olds make decisions differently. They have therefore been provided different sentencing pathways than their adult counterparts. [*People v Parks*, 510 Mich 225, 253; 987 NW2d 161 (2022).]

Relevant to this appeal, HYTA states, in pertinent part:

(1) Until October 1, 2021 and except as provided in subsections (3) and (4), if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-fourth birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. . . .

(2) Beginning October 1, 2021, except as provided in subsections (3) and (4), if an individual pleads guilty to a criminal offense, committed on or after the individual's eighteenth birthday but before his or her twenty-sixth birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. . . .

(3) Subsections (1) and (2) do not apply to any of the following:

(a) A felony for which the maximum penalty is imprisonment for life.

(b) A major controlled substance offense.

(c) A traffic offense.

* * *

(7) As used in this section:

* * *

(b) "Traffic offense" means a violation of the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or a violation of a local ordinance substantially corresponding to that act, that involves the operation of a vehicle and, at the time of the violation, is a felony or a misdemeanor. [MCL 762.11(1), (2), (3), and (7)(b).]

Initially, there is a question of statutory construction regarding the "[u]ntil October 1, 2021," and "[b]eginning October 1, 2021," designations of MCL 762.11(1) and MCL 762.11(2), respectively. It is undisputed, defendant was 17 years old at the time of the offense, on September 29, 2020. The accident occurred a year before October 1, 2021, which appears to be an inflection point for when certain provisions of HYTA are applicable. However, defendant's guilty plea was entered on December 14, 2021, over a year after the date of the offense, and after October 1, 2021.

Based on the facts of this case, MCL 762.11(1) is inapplicable to defendant. Although defendant was 17 years of age at the time the offense occurred, he does not meet the criteria of "[u]ntil October 1, 2021 . . . if an individual pleads guilty to a criminal offense. . . ." Defendant pleaded guilty on December 14, 2021, clearly two months after the date identified by the statutory provision. As such, although defendant was 17 years old at the time the offense occurred on September 29, 2020, his age is only relevant to the date of the offense and not his eligibility for HYTA status, which is dependent upon when "an individual pleads guilty to a criminal offense[.]" Similarly, defendant is ineligible for HYTA status under MCL 762.11(2), which provides that "[b]eginning October 1, 2021," "if an individual pleads guilty to a criminal offense, committed on or after the individual's eighteenth birthday," sentencing under HYTA is permissible. Unfortunately for defendant, while the date he pleaded guilty occurred after October 1, 2021, his age at the time of the offense precludes the application of MCL 762.11(2) because he did not commit the offense "on or after" his "eighteenth birthday[.]" Therefore, at the time of sentencing, defendant lacked eligibility for HYTA status.

Regardless of the provisions of MCL 762.11(1) and (2) addressing the date of entry of a plea and the age of defendant at the time of the offense, defendant is also ineligible for youthful trainee status, as a matter of law, under the separate provision of MCL 762.11(3)(c). On appeal, the prosecutor argues that defendant lacked eligibility for HYTA status because of the offense to which he pleaded guilty, reckless driving causing serious impairment of a body function, MCL 257.626(3). This charge constitutes a "traffic offense," as defined by MCL 762.11(7)(b), involving "a violation of the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923," which is

specifically excluded from HYTA eligibility by MCL 762.11(3)(c).[2] Defendant, therefore, lacked eligibility under multiple provisions of MCL 762.11 for sentencing under HYTA. The sentencing court, therefore, erred by denying the prosecution's objection and by sentencing defendant under HYTA.

## IV. CONCLUSION

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

---

[2] We further note, regardless to which of the original charges defendant pleaded guilty, either MCL 257.625(5) (OWI) or MCL 257.626(3) (reckless driving), he would have been ineligible for HYTA status under MCL 762.11(3)(c), given the statutory definition of "traffic offense," MCL 762.11(7)(b).