*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

COREY TERRELL CRUMP,

        Defendant-Appellee.

UNPUBLISHED
June 13, 2024

No. 367264
Wayne Circuit Court
LC No. 21-008672-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MA'KAESIAH ALEXUS DE JA WILLIS,

        Defendant-Appellee.

No. 367265
Wayne Circuit Court
LC No. 22-004965-01-FC

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

PER CURIAM.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

In these consolidated appeals, the prosecution appeals by leave granted[1] orders denying the prosecution's motions to allow other-acts evidence in these cases arising out of an alleged carjacking and homicide. We reverse and remand for further proceedings.

Both defendant Corey Terrell Crump, and defendant Ma'kaesiah Alexus De Ja Willis, were charged with felony murder, MCL 750.316(1)(b), carjacking, MCL 750.529a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in their respective cases after an alleged carjacking that resulted in the death of the victim, Carl Stewart, in Detroit on July 10, 2021. Defendant Crump was the principal, while defendant Willis was charged as an aider and abettor.

Surveillance video showed a man, identified as defendant Crump, exit a black Dodge Avenger used by defendant Willis and run over to a parked silver Audi. According to a witness inside the Avenger, defendant Crump told defendant Willis that he was going to "take" the Audi. After defendant Crump sat in the driver's seat of the Audi, the vehicle's owner, Stewart, ran back to the car and attempted to pry defendant Crump out of the car. Defendant Crump then shot Stewart twice, killing him. Defendant Crump drove away in the Audi, while defendant Willis drove away in the Avenger.

In both cases the prosecution filed notices of intent to introduce other-acts evidence under MRE 404(b). The notices indicated that the prosecution intended to introduce evidence regarding a June 25, 2021 Clinton Township homicide, which resulted in the death of Hertie Lloyd after a carjacking. Both defendants were charged in connection with the Clinton Township homicide, and the prosecution believed testimony regarding the Clinton Township investigation was probative under MRE 404(b) to show defendant Crump's intent, motive, common scheme, plan, or system in doing an act, and defendant Willis's awareness of his intent. Substantial evidence was recovered relating to this case during the course of the Clinton Township investigation, including defendant Willis's Avenger and the murder weapon.

Defendants objected to the admission of this evidence, arguing it was actually character evidence being disguised as something else, that it would confuse the jury and lead to improper inferences, and its risk of being unfairly prejudicial substantially outweighed the probative value of the evidence. The trial court found that the proposed evidence had some probative value, but determined it would be highly prejudicial for a jury to hear that both defendants are alleged to have committed an earlier homicide, which could confuse the jury and make it hard for them to separate the two cases.

After we granted the prosecution's applications for leave to appeal, *People v Crump*, unpublished order of the Court of Appeals, entered December 13, 2023 (Docket No. 367264); *People v Willis*, unpublished order of the Court of Appeals, entered December 13, 2023 (Docket No. 367265), the appeals were consolidated. *People v Crump*, unpublished order of the Court of

---

[1] *People v Crump*, unpublished order of the Court of Appeals, entered December 13, 2023 (Docket No. 367264); *People v Willis*, unpublished order of the Court of Appeals, entered December 13, 2023 (Docket No. 367265).

Appeals, entered March 13, 2024 (Docket No. 367264)*; People v Willis*, unpublished order of the Court of Appeals, entered March 13, 2024 (Docket No. 367265).

On appeal, the prosecution argues that the trial court should have allowed the proposed other-acts evidence because it is highly probative in showing defendant Crump's commission of the *actus rei*, his motive for doing so, and defendant Willis's guilty *mens rea* when she aided and abetted his commission of the crimes.

This Court reviews a trial court's decision whether to admit evidence for an abuse of discretion. *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Id*. A trial court abuses its discretion when it admits evidence that is inadmissible as a matter of law, i.e., when it makes an error of law. *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006). Additionally, a trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

The admissibility of other-acts evidence is governed by MRE 404(b)(1),[2] which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

MRE 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"Relevant other acts evidence does not violate Rule 404(b) unless it is offered solely to show the criminal propensity of an individual to establish that he acted in conformity therewith." *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401 (quotation marks omitted). "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b), *even if* it also reflects on a defendant's character.

---

[2] The Michigan Rules of Evidence were amended on September 20, 2023, effective January 1, 2024. We rely on the version of MRE 401, MRE 403, and MRE 404 in effect at the time this matter was decided by the trial court.

Evidence is *inadmissible* under this rule *only* if it is relevant *solely* to the defendant's character or criminal propensity." *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010).

*VanderVliet* laid out a four-part test used to determine whether other-acts evidence is admissible, which is that the proposed evidence: (1) must be offered for a proper purpose under MRE 404(b), (2) must be relevant, (3) its probative value must not be substantially outweighed by unfair prejudice, and (4) that a trial court may, upon request, provide a limiting instruction to the jury explaining the proper purpose of the evidence. *VanderVliet*, 444 Mich at 74-75.

The prosecution argues that the other-acts evidence is being offered for a noncharacter purpose: to show defendants followed a common scheme, plan, or system in committing the carjacking and homicide of the victim, and to show their intent and motive to do so. These purposes are explicitly permitted under MRE 404(b).

We agree with the argument that the proposed other-acts evidence of the Clinton Township carjacking and homicide, involving both defendants, is probative of whether defendant Crump followed a common scheme, plan, or system in committing the alleged crimes in this case and is probative of his intent and motive to commit such acts. The crimes in both cases are the same, as both allegedly involve the same two people, the same black Avenger used by defendant Willis, and the same suspected murder weapon. How the Detroit Police Department discovered the Avenger and murder weapon is both probative and relevant to this case. It is important the jury understand the full process of how those pieces of evidence were obtained. Additional evidence discovered at defendant Willis's residence from the Clinton Township case, such as property belonging to the victim in that case, is relevant and probative to whether defendant Willis was aware of defendant Crump's actions and if she had the intent to assist him in the crimes in this case. Without the proposed evidence pertaining to the Clinton Township homicide investigation, a jury would be more likely to have a reasonable doubt about whether defendant Willis knew of defendant Crump's prior violent acts.

The prosecution offered the evidence under purposes permitted by MRE 404(b), to show motive, intent, and a common scheme, plan, or system in how the alleged crimes were committed. The proposed evidence is relevant to key issues in this case because the prosecution must prove each element of each charge. Contrary to defendants' argument, there were common features between each carjacking and homicide, as both cases feature a carjacking that left a person dead, with at least one defendant escaping in defendant Willis's Avenger, and both investigations focused on defendant Crump's red pistol as the murder weapon. Additionally, the two homicides occurred within about two weeks of each other. The proposed other-acts evidence is not relevant *solely* to either defendant's character or propensity. *Mardlin*, 487 Mich 615-616.

Finally, we conclude that the trial court erred in determining that the evidence would be more prejudicial than probative. While the proposed evidence could be prejudicial and lead the jury to make improper inferences, the risk of unfair prejudice must substantially outweigh the probative value of the evidence for the evidence to be excluded. *VanderVliet*, 444 Mich at 74-75. Here, the risk of unfair prejudice is not *substantially* outweighed by the highly probative value of the other-acts evidence. The proposed evidence is probative to the most contested issues in this case, whether defendant Crump killed the victim, and whether defendant Willis knew he intended to do so. For these reasons, while the jury may infer that both defendants have criminal

propensities, that risk does not substantially outweigh the probative value of the evidence.  To assuage the concerns of any prejudice, the trial court may give a limiting instruction to the jury, explaining the proper purpose of the other-acts evidence.  *Id*.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer