*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 19, 2023

Plaintiff-Appellee,

v

No. 362559
Macomb Circuit Court

THERON LEON LAMBERT,

LC Nos. 2013-003852-FC;
2014-000990-FH

Defendant-Appellant.

Before: CAVANAGH, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying defendant's motion for relief from judgment from convictions following no-contest pleas to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (during commission of felony), assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1), assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, first-degree home invasion, MCL 750.110a(2), and assaulting, resisting, or obstructing a police officer, MCL 750.81d, in LC No. 2013-003852-FC, and one count of AWIGBH in LC No. 2014-000990-FH. Defendant was sentenced, as a fourth-offense habitual offender under MCL 769.12 to various terms of imprisonment for the convictions. But the court failed to inform defendant that he would be subject to mandatory lifetime electronic monitoring (LEM) for his CSC-I conviction, which rendered his pleas deficient. And because the court failed to order LEM when imposing the CSC-I sentence and in entering the judgment of sentence (JOS), despite the fact it was mandatory, the sentence was invalid. The trial court further erred by correcting defendant's invalid sentence on its own initiative without a motion from either party. We reverse, vacate the December 21, 2015 amended JOS, and remand to the trial court for further proceedings consistent with this opinion.

---

[1] See *People v Lambert*, unpublished order of the Court of Appeals, entered January 19, 2023 (Docket No. 362559).

## I. FACTUAL BACKGROUND

Pursuant to the terms of a *Cobbs*[2] agreement, defendant pleaded no contest to all the underlying charges enumerated in both lower court cases in exchange for an agreement that he be sentenced to the lower one-third of the sentencing guidelines range (14 to 25 years' imprisonment), and that his sentences in LC No. 2013-003852-FC run concurrent with his sentence in LC No. 2014-000990-FH. Before accepting the pleas, the trial court detailed the potential maximum incarceration terms for each of the underlying offenses and defendant's respective rights regarding the pleas. But the court failed to mention the mandatory LEM requirement attached to the CSC-I offense.

A sentencing hearing was held on September 9, 2015. While the presentence investigation report (PSIR) delineated the LEM requirement secondary to defendant's CSC-I conviction, defendant did not challenge the contents of the PSIR. The court sentenced defendant to 20 to 40 years' imprisonment for all convictions in LC No. 2013-003852-FC, except the assaulting, resisting or obstructing a police officer conviction, for which the court imposed a 2-to-15-year sentence. The court informed defendant that he was "to comply with HIV and AIDS testing, pay $340 state costs on each count, comply with DNA testing, pay crime victim rights assessment in the amount of $130, [and] obviously comply with all the requirements of the Sex Offender Registration Act." On the same day, the court entered its JOS related to LC No. 2013-003852-FC, however, the checkbox which stated, "The defendant is subject to lifetime monitoring pursuant to MCL 750.520n[,]" was not marked. In LC No. 2014-000990-FH, the court sentenced defendant to 6 years and 8 months to 40 years' imprisonment. The court ordered that defendant serve all sentences concurrently.

On its own initiative, the court held a resentencing hearing in LC No. 2013-003852-FC on December 2, 2015, stating:

> We are here today, unfortunately we had to bring [defendant] back from the Michigan Department of Corrections. There was an error made at sentencing, the defendant was not informed that the CSC conviction, this particular CSC conviction would require lifetime monitoring pursuant to SORA [Sex Offender Registration Act] and criminal sexual conduct statutes.
>
> It is my duty, sir, to inform you of that fact, which is why we had to bring you back, otherwise, this is an improper sentence.

Defense counsel stated he had no objection to attaching LEM to defendant's CSC-I sentence because it was a statutory requirement as opposed to a discretionary decision. Defendant subsequently questioned whether he could withdraw his pleas. The court advised defendant that he should discuss the issue with appellate counsel. The court stated that all the original imprisonment terms remained in effect. On December 21, 2015, the trial court sua sponte amended the September 9, 2015 JOS to include the LEM requirement.

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Thereafter, an attorney was appointed to represent defendant. The attorney filed a motion to withdraw defendant's no-contest pleas in both lower court cases on the basis defendant was innocent of the CSC-I conviction due to insufficient evidence of the essential element of penetration. Defense counsel asserted that defendant should be permitted to withdraw all pleas in both cases because it was clear he entered those pleas as part of a combined sentencing agreement. Before the court ruled on the motion, the attorney withdrew the motion at defendant's request, stating that defendant "did not wish to seek withdrawal of any portion of his plea agreement." Defendant did not seek leave to appeal at any time after tendering his no-contest pleas.

On August 18, 2021, defendant, proceeding *in propria persona*, filed a motion for relief from judgment, supported by his own affidavit. Defendant argued that he was denied due process when the trial court failed to inform him of the mandatory LEM penalty before he tendered his pleas. As a result, defendant contended his no-contest pleas were invalid and involuntary, and he should have been permitted to withdraw the pleas. Defendant further maintained that he was denied effective assistance of counsel because neither his trial counsel or appellate counsel raised the issue that the pleas were defective.

The trial court denied the motion. Although the court acknowledged that defendant had previously filed a motion to withdraw his pleas, not a motion for relief from judgment, the court opined that the August 2021 motion constituted defendant's second motion for relief from judgment. The court asserted that the "second motion" for relief from judgment was not " 'based on a retroactive change in law that occurred after the first motion for relief from judgment was filed or a claim of new evidence that was not discoverable before the first such motion was filed.' " The court acknowledged that defendant was not informed of the mandatory LEM penalty during the plea hearing or the sentencing hearing, but noted that the mandatory LEM penalty was included in the felony information, warrant, and the PSIR. The court then concluded, "defendant was clearly informed of the applicability of mandatory LEM before his plea and sentencing but chose to go forward with sentencing" and thus "effectively waived any irregularity in his plea and sentencing." The court also found that the original JOS complied with SORA. Although the original JOS did not include a checked box for LEM, the court stated it was simply a clerical error subject to correction under MCR 6.429(A). Further, the court determined that, because defendant's argument lacked merit, his appellate attorney did not render ineffective assistance of counsel by failing to raise the argument. The court concluded defendant did not demonstrate good cause for neglecting to raise the arguments previously, or establish any alleged unjust defect in his plea proceeding that was so manifestly unjust as to render his no-contest pleas involuntary. Defendant now appeals.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews "a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or if the trial court makes an error of law. *Id.* at 628-629. "The proper interpretation and application of a court rule is a question of law

that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). "To the extent that this case implicates constitutional issues, they are likewise reviewed de novo." *Id.*

## B. DEFICIENT PLEAS

Defendant argues he was entitled to withdraw his no-contest pleas because the trial court's conduct during the July 21, 2015 plea hearing violated MCR 6.302, which requires courts to advise defendants of the requirement for mandatory LEM under MCL 750.520b when accepting guilty or no-contest pleas. We agree.

Sentences for convictions of CSC-I and CSC-II must include LEM under MCL 750.520b(2)(d). A "court may not accept a plea of . . . nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). Before accepting a no-contest plea, a court is required to "place the defendant . . . under oath and personally carry out subrules (B)-(E)." *Id.* MCR 6.302(B)(2) enumerates what information a trial court must provide regarding a defendant's potential sentence, including "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law, including a requirement for mandatory lifetime electronic monitoring under MCL 750.520b or 750.520c[.]" During defendant's plea hearing, the trial court informed defendant of the maximum sentences for CSC-I, but failed to mention LEM.

A plea that is not voluntary and understanding because of a defect in the process " 'violates the state and federal Due Process Clauses.' " *People v Blanton*, 317 Mich App 107, 119; 894 NW2d 613 (2016), quoting *People v Brown*, 492 Mich 684, 699; 822 NW2d 208 (2012). The defendant "must be fully aware of the direct consequences of the plea," and the sentence "is the most obvious direct consequence of a conviction." *Blanton*, 317 Mich App at 118 (cleaned up). In *Cole*, our Supreme Court concluded that when entering a plea, a "defendant must be aware of the immediate consequences that will flow directly from his or her decision. Without information about a consequence of a sentence deemed by our Legislature to be punishment . . . it cannot be said that a defendant was aware of the critical information necessary to assess the bargain being considered." *Cole*, 491 Mich at 337-338.[3] The Court explained:

> [M]andatory lifetime electronic monitoring for convictions of CSC–I and CSC–II is part of the sentence itself and is therefore a direct consequence of a defendant's guilty or no-contest plea. As a result, at the time a defendant enters a guilty or no-contest plea, the trial court must inform the defendant if he or she will be subject to lifetime electronic monitoring. [*Id.* at 338.]

If a trial court fails to advise a defendant that he or she will be subject to LEM, the trial court fails to satisfy the court rules' requirement that the plea be understanding and voluntary. *Id.* at 337 (stating, "And because MCR 6.302 is premised on constitutional due-process requirements, a defendant who will be subject to mandatory [LEM] must be so advised by the trial court *at the*

---

[3] *Cole* was decided before MCR 6.302(B) explicitly mandated that a court notify a defendant that he or she would be subject to mandatory LEM under MCL 750.520c(2)(b).

*time of the plea hearing* in order to satisfy the court rule's requirement that the plea be understanding and voluntary") (emphasis added).

In this case, the court's failure to inform defendant that his CSC-I sentence required LEM was a defect in the plea-taking process and thus defendant has established his pleas were deficient. See *id*. Further, the inclusion of the mandatory LEM in the felony complaint, warrant, and the PSIR did not relieve the trial court of its obligation to explicitly inform defendant of the aforementioned consequence during the plea-taking process. See *id*.

## C. AMENDED JUDGMENT OF SENTENCE

Defendant argues the trial court lacked the authority to sua sponte amend its September 9, 2015 JOS for LC No. 2013-003852-FC. We agree.

It is undisputed that defendant's original JOS was invalid because it failed to include LEM. *People v Comer*, 500 Mich 278, 283; 901 NW2d 553 (2017), superseded by MCR 6.429(A). And the cursory reference to SORA during the September 9, 2015 sentencing hearing did not establish that the unchecked box for LEM on the original JOS was purely a clerical error.[4] See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) (stating, "[A] court speaks through its written orders and judgments, not through its oral pronouncements").

Defendant's amended JOS was also defective. When the trial court amended the JOS, MCR 6.429(A) provided: "A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." See MCR 6.429(A), amend March 12, 2022; see also *Comer*, 500 Mich at 294 (citing the rule prior to 2018 amendments). The parties had six months from the entry of the JOS to file a motion to correct the invalid sentence under MCR 6.429(A); however, neither party did so. Instead, the court ordered a hearing on its own initiative, at which time it announced the mandatory LEM requirement for the first time. The court declined to allow defendant an opportunity to withdraw his guilty plea, and amended the JOS on December 21, 2015. Because the trial court corrected the invalid JOS on its own initiative, without a motion in violation of the version of MCR 6.429(A) in effect at the time, the amended JOS was defective. *Comer*, 500 Mich at 300 (stating "under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party.")

---

[4] The failure to include LEM cannot be categorized as a clerical error that may be remedied under MCR 2.612(A)(1) (providing in relevant part that "[c]lerical mistakes in judgments . . . and errors arising from oversight or omission may be corrected by the court at any time on its own initiative") for two reasons. First, the *Comer* Court addressed and rejected the aforementioned argument. See *Comer*, 500 Mich at 293 (stating, "[T]he parties do not contend that the failure to sentence [the] defendant to lifetime electronic monitoring was a clerical mistake. Nor could they—the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing"). Second, the trial court did not include LEM when it pronounced defendant's sentences; therefore, its omission from the September 9, 2015 JOS cannot be deemed a clerical error.

-5-

## D. MOTION FOR RELIEF FROM JUDGMENT

Defendant argues that the trial court erred when it determined defendant's August 23, 2021 pro se motion for relief from judgment was successive. Defendant further asserts that the trial court abused its discretion when it denied defendant's motion for relief from judgment because defendant demonstrated good cause for failing to previously raise this issue in a timely appeal or motion, and defendant established actual prejudice due to his involuntary no-contest pleas. We agree.

The general remedy for a plea proceeding that did not comply with MCR 6.302(B)(2) is to permit the defendant an opportunity to withdraw the plea or let the plea and sentence stand. *Brown*, 492 Mich at 698; MCR 6.310(C). But if a defendant wishes to withdraw a plea more than six months after the plea is entered, he or she "may seek relief only in accordance with the procedure set forth in subchapter 6.500." MCR 6.310(C)(2).

MCR 6.502(G) provides, in pertinent part:

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has *previously filed* a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment *may be filed* with regard to a conviction.

(2) A defendant *may file* a second or subsequent motion based on any of the following:

(a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,

(b) a claim of new evidence that was not discovered before the first such motion was filed, or

(c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based. [Emphasis added.]

The trial court incorrectly asserted that the August 23, 2021 pro se motion for relief from judgment constituted defendant's second motion of that nature. The trial court acknowledged that the motion filed by prior appellate counsel on March 7, 2016, was a motion to withdraw the no-contest pleas, not a motion for relief from judgment. The court incorrectly treated defendant's motion to withdraw his no-contest pleas as a motion for relief from judgment and thus erroneously denied defendant's August 2021 pro se motion on this ground.

We also find that the trial court abused its discretion in finding that defendant failed to establish good cause or prejudice under MCR 6.508(D). A defendant has the burden of establishing entitlement to relief from judgment. MCR 6.508(D). As relevant here, a defendant can meet that burden by demonstrating

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

-6-

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

\* \* \*

(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand[.]

A defendant may establish the requisite good cause by demonstrating that appellate counsel was ineffective for failing to raise the claim on direct appeal. *People v Gardner*, 482 Mich 41, 50 n 11; 753 NW2d 78 (2008). "To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (cleaned up). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). This Court presumes counsel was effective, and the defendant maintains a heavy burden to overcome this presumption. *Head*, 323 Mich App at 539. "The Court uses the same legal standard for ineffective assistance of counsel when scrutinizing the performance of trial counsel and appellate counsel." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

In this case, defendant argues that his trial counsel and prior appellate counsel were ineffective. He maintains that his trial counsel was ineffective for failing to object to the court's sua sponte amendment of the JOS. He asserts that his prior appellate counsel was ineffective for failing to raise the LEM requirement and the issue of ineffective trial counsel. Defendant contends that this ineffectiveness meets the good-cause and actual prejudice requirements under MCR 6.508(D)(3)(a). We agree.[5]

"Generally, an ineffective-assistance-of-counsel claim presents a 'mixed question of fact and constitutional law.' " *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019), quoting *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "Constitutional questions are reviewed de novo, while findings of fact are reviewed for clear error." *Hieu Van Hoang*, 328 Mich App at 63. Because there was no evidentiary hearing to develop defendant's

---

[5] A defendant "must move in the trial court for a new trial or an evidentiary hearing to preserve the defendant's claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). A defendant may also preserve the issue by "filing in this Court a motion for remand to the trial court for a [*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973),] hearing." *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). While defendant advanced the ineffective assistance of counsel claims in his motion for relief for judgment, defendant did not file a motion for a new trial, evidentiary hearing, or a *Ginther* hearing. Therefore, this issue is unpreserved on appeal.

claim of ineffective assistance of counsel, our review is limited to errors apparent on the record. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018).

Defendant's prior appellate counsel failed to address a number of errors. First, he neglected to advance that defendant's plea was involuntary because defendant was not informed at his plea hearing that he would be subject to LEM as a result of his CSC-I plea. See *Cole*, 491 Mich at 337. He also neglected to raise an argument that trial counsel was ineffective for failing to object to the clear defect in the plea hearing and for failing to object to the court's amendment of the September 9, 2015 JOS to include LEM, which was a violation of MCR 6.429. See *Comer*, 500 Mich at 300. These issues "offer[ed] reasonable prospects of meaningful postconviction or appellate relief[,]" and prior appellate counsel's failure to raise these issues fell below an objective standard of reasonableness. Administrative Order 2004-6, Standard 3; see also *People v Roark*, 497 Mich 895, 895 (2014)[6] (noting that the defense counsel's failure to comply with Administrative Order 2004-6, Minimum Standards for Indigent Criminal Appellate Defense Services, amounted to ineffective assistance of counsel). Consequently, defendant satisfied the first-prong of an ineffective assistance claim, and satisfied the "good cause" requirement under MCR 6.508(D)(3)(a).

If prior appellate counsel had sufficiently detailed these issues in the motion to withdraw the no-contest pleas, or in a motion for relief from judgment, defendant likely would have been entitled to withdraw his no-contest pleas. The court's violation of MCR 6.302(A) rendered the pleas deficient. *Cole*, 491 Mich at 337. Our Supreme Court held in *Cole* that the proper resolution of this error is to "remand [the] case to the trial court to allow [the] defendant the opportunity to withdraw his plea." *Id*. at 338. And the court's sua sponte amendment of the JOS was a clear breach of MCR 6.429(A). *Comer*, 500 Mich at 300. We conclude that had defendant's prior appellate counsel raised these issues, there is a reasonable probability that defendant would have been entitled to withdraw his no-contest pleas and thus defendant established the second-prong of his ineffective assistance claim.

Defendant further demonstrated actual prejudice because the defects in his pleas rendered them involuntary. The Due Process Clause of the Fourteenth Amendment mandates that a guilty plea be voluntary and knowing. *McCarthy v United States*, 394 US 459, 466; 89 S Ct 1166; 22 L Ed 2d 418 (1969), superseded in part by FR Crim P 11. Michigan incorporated the aforementioned constitutional mandate in MCR 6.302(A), which dictates that a trial court "may not accept a plea of guilty . . . unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A); *Brown*, 492 Mich at 688-689. The United States Supreme Court has held that, for a plea to be understanding and voluntary, a defendant must be "fully aware of the direct consequences" of the plea. *Brady v United States*, 397 US 742, 755; 90 S Ct 1463; 25 L Ed 2d 747 (1970). At a minimum, a defendant must be informed of "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law[.]" MCR 6.302(B)(2). Michigan appellate courts, in an effort to implement *Brady*'s "direct consequences" language, have resolved that for a plea to be knowingly and voluntarily made, the trial court must ensure that the defendant has

---

[6] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

been informed of any condition that represents "a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Cole*, 491 Mich at 333-334 (cleaned up).

LEM is a direct consequence of CSC-I, *id*. at 335, and defendant was not made aware of that consequence at his plea hearing. Because defendant was not informed of the direct consequences of his plea, his plea was involuntary. *Id*. at 338. The initial plea defect was such that defendant would have been entitled to withdraw his no-contest pleas. We conclude that it would be manifestly unjust if defendant's conviction was permitted to stand because defendant would effectively be punished for his trial and prior appellate counsels' failures to deliver a reasonable performance. Based on these facts, defendant established actual prejudice under MCR 6.508(D)(3)(b)(*ii*).

Accordingly, the trial court abused its discretion when it denied defendant's motion for relief from judgment.

## III. CONCLUSION

We reverse the order denying defendant's motion for relief from judgment, vacate the December 21, 2015 amended JOS, and remand to the trial court to allow the defendant the opportunity to elect to allow his pleas to stand or withdraw his pleas. MCR 6.310(C)(3). We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Sima G. Patel