*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSHUA JERROLD TIETZ,

      Defendant-Appellant.

UNPUBLISHED
July 25, 2019

No. 342613
Lapeer Circuit Court
LC No. 16-012503-FC

Before: BORRELLO, P.J., and SWARTZLE and CAMERON, JJ.

BORRELLO, J. (*dissenting*).

There is no dispute in this case relative to whether the trial court made a mistake in neglecting to include the statutorily required lifetime electronic monitoring as part of defendant's sentence.[1] After this error was made, the trial court, acting sua sponte, claimed that its failure to include lifetime electronic monitoring was an "omission" and thereafter attempted to correct its mistake by adding lifetime electronic monitoring to defendant's sentence in an amended judgment of sentence. Shortly thereafter, and as the majority correctly notes, our Supreme Court held in *People v Comer*, 500 Mich 278, 300; 901 NW2d 553 (2017), that "under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party." Seemingly not bound by *Comer*, the majority concludes that a subsequently amended court rule operates to salvage the trial court's sua sponte correction of its error. In reaching its result, not only does the majority cast aside *Comer*, but they engage in some dubious fact finding when concluding that the trial court "substantially complied" with the requirements of the subsequently adopted amended court rule. Missing from the majority's analysis is the fact that defendant's motion challenging the trial court's amended judgment of sentence was heard *more than six months after the sentence had been imposed*. Additionally, the majority characterizes the lack of a prior opportunity to be heard, or as I would label it—due process—as harmless error. Consequently, and for the reasons stated more fully herein, I conclude that the amended version of MCR

---

[1] See MCL 750.520c(2)(b).

6.429(A) does not operate to validate the trial court's sua sponte correction of its invalid sentence without first giving defendant an opportunity to be heard and that *Comer* requires defendant's original sentence without lifetime electronic monitoring be reinstated. I therefore respectfully dissent.

There is no issue in this case as to whether lifetime electronic monitoring is a mandatory part of the sentence for an individual, like defendant, who is convicted of CSC-II where the victim was under 13 and the defendant was at least 17. MCL 750.520c(1)(a) and (2)(b); MCL 750.520n(1); *People v Cole*, 491 Mich 325, 327, 335-338; 817 NW2d 497 (2012); *Comer*, 500 Mich at 291. As previously noted, the trial court undisputedly erred when it imposed an invalid sentence by initially failing to include lifetime electronic monitoring as part of defendant's sentence since lifetime electronic monitoring is a mandatory punishment for the crimes to which defendant pleaded guilty. *Comer*, 500 Mich at 292. Nevertheless, under *Comer* and our court rules, the trial court's ability to correct this error was not unlimited.[2]

A trial court's ability to act sua sponte to correct an invalid sentence after the judgment on that sentence has been entered is governed by MCR 6.435 and MCR 6.429, with the former providing the general rules for a court to correct its mistakes. See *Comer*, 500 Mich at 293-294. MCR 6.435 provides in pertinent part as follows:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

At the January 29, 2018 hearing on defendant's motion challenging his amended judgment of sentence, the trial court in this case framed its initial sentencing mistake as an "omission" that it could correct at any time on its own initiative, rather than a substantive mistake. The court cited MCR 6.435(A) as authority justifying its action. However, the record does not support the trial court's conclusion that it made a clerical mistake or a mere error of

---

[2] I note that although *Comer* was decided shortly after the trial court in this case entered the amended judgment of sentence at issue, the parties in this case appear to concede that *Comer* applies retroactively to this matter since the issue of *Comer*'s retroactivity has not been raised and defendant's challenge to the imposition of lifetime electronic monitoring was based on *Comer*. "Judicial decisions are generally given complete retroactive effect unless the decisions are unexpected or indefensible." *People v Sexton*, 458 Mich 43, 64; 580 NW2d 404 (1998). Moreover, our Supreme Court has applied *Comer* retroactively to cases where the challenged amended judgment of sentence was entered in the trial court before *Comer* was decided. See, e.g., *People v Worthington*, 503 Mich 863; 917 NW2d 397 (2018). Thus, I operate under the assumption that *Comer* applies retroactively to the instant case.

omission. Although the court claimed that its failure to check the box on the judgment of sentence for lifetime electronic monitoring was inadvertent, the sentencing transcript is devoid of the trial court mentioning that lifetime electronic monitoring was to be a part of defendant's sentence. In fact, the trial court never spoke of lifetime electronic monitoring during the sentencing hearing. Thus, the original judgment of sentence, without lifetime electronic monitoring, was entirely consistent with the sentence announced by the trial court at the sentencing hearing. Furthermore, although the trial court claimed that it had "previously stated on the record that lifetime electronic monitoring would be required," the record does not bear that out. At defendant's plea hearing, the trial court merely informed defendant that the CSC-II charges to which defendant subsequently pleaded guilty carried a maximum punishment of "up to 15 years in prison and lifetime electronic monitoring upon parole from prison." The trial court did not indicate that lifetime electronic monitoring was a mandatory punishment for these CSC-II charges as opposed to just a potential maximum punishment that defendant was facing.[3]

In considering the effect of the trial court's earlier, opaque references to lifetime electronic monitoring at the plea hearing, it is worth noting the different purposes served by plea proceedings and sentencing proceedings. The purpose of informing a defendant at a plea hearing of the direct consequences of pleading guilty to certain charges—i.e., the range of punishment to which the defendant will be subjected as an immediate result of the plea—is to ensure that the plea is made knowingly and voluntarily. See *Cole*, 491 Mich at 327-328; 332-338; 817 NW2d 497 (2012). The purpose of sentencing, in contrast, is to inform the defendant of the precise *sentence actually imposed* on the defendant by the trial court as a consequence of the defendant's conviction. See MCL 769.1(1) ("A judge of a court having jurisdiction may pronounce judgment against and pass sentence upon a person convicted of an offense in that court. . . ."); MCR 6.425(E)(1)(d) ("At sentencing, the court must, on the record . . . state the sentence being imposed . . . ."); *Attorney General ex rel O'Hara v Montgomery*, 275 Mich 504, 514; 267 NW 550 (1936) (explaining the difference between "conviction" and "sentence" by stating that "the ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained") (quotation marks and citation omitted). In other words, informing a defendant before accepting a guilty plea of the potential punishments that he could face by pleading guilty is not the same as formally imposing a final sentence on the defendant.

In light of the above principles, if the trial court fails to indicate on the record at sentencing that it is actually imposing lifetime electronic monitoring as part of the sentence, then the failure to check the box on the judgment of sentence ordering lifetime electronic monitoring

---

[3] In contrast, the trial court clearly indicated at the plea hearing that "mandatory lifetime electronic monitoring" would be part of a sentence for the first-degree criminal sexual conduct charges that had been brought against defendant. These charges were dismissed as part of defendant's plea agreement.

reflects the sentence actually intended and ordered. This statement is true even when lifetime electronic monitoring is a mandatory punishment associated with the crime on which the defendant is being sentenced. Accordingly, such a scenario evidences that a substantive mistake was made by the trial court rather than a mere clerical mistake or omission. See *Comer*, 500 Mich at 292-293 (concluding that the trial court's failure to sentence the defendant to lifetime electronic monitoring, even though the defendant's first-degree criminal sexual conduct (CSC-I) conviction carried a statutory punishment that included mandatory lifetime electronic monitoring, was a substantive mistake and could not be a clerical mistake where the sentencing judge "said nothing about lifetime electronic monitoring at the initial sentencing"); accord *People v Worthington*, 503 Mich 863; 917 NW2d 397 (2018) ("In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered.").[4] Therefore, in the instant case, the trial court made a substantive mistake. Because the mistake was substantive, MCR 6.435 did not authorize the trial court's attempt to correct its mistake after the judgment was entered and without first giving the parties an opportunity to be heard. MCR 6.435(A) and (B); see also *Comer*, 500 Mich at 294.

The second court rule to consider is MCR 6.429, which specifically deals with a court's authority to correct an invalid sentence. At the time of the trial court proceedings at issue, MCR 6.429(A), as amended July 13, 2005, 473 Mich lxx (2005), provided as follows:

> (A) Authority to Modify Sentence. A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.

In *Comer*, our Supreme Court considered this language in MCR 6.429(A) and concluded that it was "best read as requiring a party to file a timely motion before a court may correct an invalid sentence upon which judgment has already entered." *Comer*, 500 Mich at 296-297. The *Comer* Court analyzed the interplay between MCR 6.435 and MCR 6.429 and stated that "when considering MCR 6.435 and MCR 6.429 together, we conclude that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence. Thereafter, an invalid sentence may be corrected only upon the timely filing of a motion to correct an invalid sentence in accordance with MCR 6.429." *Id*. at 297-298.

In *Comer*, our Supreme Court determined that the trial court had initially imposed an invalid sentence on the defendant by failing to order lifetime electronic monitoring even though this monitoring was a mandatory punishment for the CSC-I offense for which the defendant was convicted. *Id*. at 300. However, the *Comer* Court further held that "[b]ecause neither party [had] moved to correct defendant's sentence, the trial court erred by adding lifetime electronic monitoring to [the] defendant's sentence on its own initiative 19 months after the original sentence was imposed." *Id*. at 300-301. Our Supreme Court remanded the case to the trial court

---

[4] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

for reinstatement of the original judgment of sentence that did not include lifetime electronic monitoring. *Id*. at 284, 301.

The relevant facts in the instant case are indistinguishable from those in *Comer*. Defendant's sentence without the inclusion of lifetime electronic monitoring was admittedly invalid. But the trial court attempted to correct the mistake sua sponte after the judgment of sentence had already entered, which it was prohibited from doing under the court rules then in effect. MCR 6.435; MCR 6.429; *Comer*, 500 Mich at 297-298, 300-301. Pursuant to our Supreme Court's holding in *Comer*, we are required to remand this matter to the trial court for reinstatement of the original judgment of sentence without lifetime electronic monitoring. *Comer*, 500 Mich at 300-301.

The majority nevertheless concludes that a subsequent amendment to MCR 6.429(A) operates retroactively to avoid the necessity of this result. The amended version of MCR 6.429(A), as amended May 23, 2018, 501 Mich ___ (2018), became effective on September 1, 2018, after the trial court's February 7, 2018[5] denial of defendant's motion challenging the amended judgment of sentence. The amended version of MCR 6.429(A) provides as follows:

> (A) Authority to Modify Sentence. The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

As an initial matter, I do not share my colleagues' certainty that this amended court rule applies retroactively. The majority begins its retroactivity analysis with the foundational premise that "[n]ew and amended court rules generally apply to all proceedings in actions brought on or after the effective date, as well as pending cases, unless the application of the amended rule would not be feasible or would work injustice." In support of this statement, the majority cites MCR 1.102 and *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999). However, a closer examination of *Reitmeyer* and additional case law reveals that such a comprehensive assertion of retroactivity may not be justified.

In *Reitmeyer*, this Court recognized that "there is conflicting case law on the issue whether court rules should generally be applied retrospectively or prospectively." *Reitmeyer*, 237 Mich App at 337 n 2. In *People v Blunt*, 189 Mich App 643, 648; 473 NW2d 792 (1991), which was cited by the *Reitmeyer* Court,[6] this Court began with the opposite presumption—prospective application—stating that "[p]rocedural rules changed by court rule or otherwise

---

[5] The hearing on this motion was held on January 29, 2018, and the trial court announced its ruling denying defendant's motion on the record at the conclusion of this hearing. An order was entered to this effect on February 7, 2018.

[6] See *Reitmeyer*, 237 Mich App at 337 n 2.

-5-

generally have prospective effect only." This Court in *Blunt* further stated, however, that those rules that "operate in furtherance of a remedy already existing and which neither create new rights nor destroy existing rights are held to operate retrospectively unless a contrary intent is manifested." *Id*. Additionally, in *Reitmeyer,* this Court considered as part of its analysis that the issues governed by the relevant court rule that had been amended during the course of the litigation had all been "effectively disposed of under the prior court rules" and before the amended rule went into effect. *Reitmeyer,* 237 Mich App at 344. As a result, this Court remanded the matter to the trial court to determine whether applying the amended version of the court rule to that case in which the pertinent proceedings "all occurred *before* the adoption of the current version would reasonably further the goal of the amendment." *Id*. at 345.

Similarly, in the instant case, all of the actions related to the trial court's sua sponte attempt to correct the invalid sentence occurred before MCR 6.429(A) was amended. The order adopting the amendment to MCR 6.429(A) states that it was adopted on May 23, 2018 and became effective on September 1, 2018, 501 Mich ___; but the trial court in this case entered its original judgment of sentence on May 24, 2017, entered the amended judgment of sentence on May 31, 2017, and entered its order denying defendant's motion challenging the amended judgment of sentence on February 7, 2018, thus completing all of the actions related to its attempt to correct the invalid sentence on its own initiative (which were the actions implicating MCR 6.429(A)) before that court rule was amended.

Furthermore, the *Reitmeyer* Court considered MCR 1.102 as specific guidance "for the application of new and amended court rules that should take precedence over the generalized rules of retrospectivity and prospectivity." MCR 1.102 provides as follows:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

This Court in *Reitmeyer* noted that the principles set forth in MCR 1.102 had also been applied to "subsequently adopted or amended rules." *Reitmeyer,* 237 Mich App at 337 (quotation marks and citation omitted). However, our Supreme Court has indicated that when it includes an effective date in the order adopting amendments to a court rules, this constitutes an "explicit[] order[] that the amended rules have prospective effect." *Ligons v Crittenton Hosp,* 490 Mich 61, 88; 803 NW2d 271 (2011). In the instant case, the order adopting the amendment to MCR 6.429(A) explicitly states that the amendment became "effective September 1, 2018," 501 Mich ___, well after the trial court's rulings that are at issue in this appeal.

Nonetheless, even if I were to assume without deciding that the amended version of MCR 6.429(A) applies retroactively to this case, it still does not authorize the course of action taken by the trial court. I read the amended version of MCR 6.429(A) to require two things to happen *before* a court may correct an invalid sentence on its own initiative. First, the trial court must give the parties an opportunity to be heard. MCR 6.429(A) ("The court may correct an invalid sentence, on its own initiative *after giving the parties an opportunity to be heard . . . .*"). Second, "[a]ny correction of an invalid sentence on the court's own initiative must occur within 6 months

-6-

of the entry of the judgment of conviction and sentence." *Id*. Since the trial court is prohibited from correcting an invalid sentence on its own initiative until *after* the parties have had an opportunity to be heard and any correction must be made within 6 months of the entry of the judgment of conviction and sentence, the parties must have been given their opportunity to be heard within that six-month window in order for any sua sponte correction by the trial court of an invalid sentence to be effective. In this case, the original judgment of sentence was entered on May 24, 2017, and the amended judgment of sentence adding lifetime electronic monitoring was entered on May 31, 2017. However, the hearing on defendant's motion challenging the amended judgment of sentence, which the majority concludes provided defendant with an opportunity to be heard regarding his challenge to the amended judgment of sentence, did not occur until January 29, 2018, well after six months had elapsed. Therefore, even if the amended version of MCR 6.429(A) is applied to this case, it does not operate to justify the trial court's course of action. The trial court not only failed to give defendant an opportunity to be heard before amending his sentence but also did not permit this opportunity to occur until beyond the six-month window set forth in the amended version of MCR 6.429(A); it cannot be said that complete noncompliance with the court rule constituted "substantial compliance."

Because I would hold that the amended court rule is inapplicable in this case, either because it is not retroactive or because the trial court's course of action does not come within the purview of the rule, the outcome in this case is clearly dictated by our Supreme Court's holding in *Comer*. Following an explicit holding by our Supreme Court can hardly be considered, as described by the majority, to be a "technical 'loophole." Pursuant to *Comer*, I would remand this matter to the trial court for reinstatement of the May 24, 2017 judgment of sentence, which did not include lifetime electronic monitoring.

/s/ Stephen L. Borrello