*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 30, 2024

Plaintiff-Appellee,

v

No. 354113
Kalamazoo Circuit Court
LC No. 1990-000932-FC

JOSHUA DWAYNE LAWSON,

Defendant-Appellant.

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

In 1990, defendant was convicted by a jury of first-degree premeditated murder, MCL 750.316(1)(a); first-degree felony murder, MCL 750.316(1)(b); and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was 19 years old at the time of the offense. At sentencing, the trial court vacated defendant's conviction of first-degree felony murder and sentenced him to mandatory life without parole for premeditated murder with a consecutive sentence of two years' imprisonment for felony-firearm.

Defendant sought collateral review several times since his conviction. In March 2020, defendant filed a successive motion for relief from judgment, asserting that his sentence was unconstitutional based on *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). Defendant argued that he overcame the procedural bar of MCR 6.502(G)(2) because *Miller* was a retroactive change in law and because he had newly discovered scientific evidence that the key characteristic of the adolescent brain—neuroplasticity—continues into an individual's 20s. The trial court denied the motion for failure to overcome MCR 6.502(G)(2) with respect to both a retroactive change in law and newly discovered evidence. This Court denied defendant leave to appeal.[1] Defendant then filed an application for leave to appeal in our Supreme Court, which was

---

[1] *People v Lawson*, unpublished order of the Court of Appeals, entered August 25, 2020 (Docket No. 354113).

held in abeyance pending the decision in *People v Poole*, 977 NW2d 530 (2022).[2] After deciding *Poole*, the Supreme Court remanded the case to this Court for consideration as on leave granted in light of *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022), and *People v Stovall*, 510 Mich 301; 987 NW2d 85 (2022), but denied leave in all other respects.[3] For the reasons that follow, we affirm.

## I. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for relief from judgment for an abuse of discretion. *People v Swain (On Remand)*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008), or it makes an error of law, *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006). This Court reviews questions of constitutional law de novo. *Parks*, 510 Mich at 245.

## II. MCR 6.502(G)'S PROCEDURAL BAR

MCR 6.502(G)(1) provides that "one and only one motion for relief from judgment may be filed with regard to a conviction." But "[a] defendant may file a second or subsequent motion based on . . . a retroactive change in the law that occurred after the first motion for relief from judgment was filed," or "a new claim of evidence," which includes "new scientific evidence." MCR 6.502(G)(2)(a)-(b), (3). Defendant asserts that his successive motion for relief clears the procedural bar in MCR 6.502(G)(2) because the motion is based on the retroactive change in law of *Miller* and on new scientific evidence discovered after *Miller* that supports extending *Miller*'s holding to 19-year-old offenders. He had not presented these arguments in any prior motion for relief from judgment. We agree that defendant has met the procedural requirements of MCR 6.502(G)(2).

In *Miller*, 567 US at 465, the United States Supreme Court held that a mandatory sentence of life without parole for defendants who were under 18 years old at the time of the offense violates the Eighth Amendment's prohibition on cruel and unusual punishment. In *Montgomery v Louisiana*, 577 US 190, 206; 136 S Ct 718; 193 L Ed 2d 599 (2016), the United States Supreme Court held that *Miller* announced a new substantive rule that applied retroactively to cases on collateral review. In *Parks*, 510 Mich at 232, our Supreme Court held that mandatory sentences of life without parole imposed on 18-year-old offenders are categorically disproportionate and, therefore, unconstitutional under Const 1963, art 1, § 16.

Our Supreme Court has made clear that a retroactive change in law need "only serve as a 'foundation' or 'base' for a defendant's claim to overcome the procedural bar in MCR 6.502(G)(2)." *Stovall*, 510 Mich at 310. And, in *Poole*, 977 NW2d at 531, our Supreme Court explained that a defendant met MCR 6.502(G)(2)'s procedural requirements by asserting

---

[2] *People v Lawson*, 961 NW2d 760 (Mich, 2021).

[3] *People v Lawson*, 982 NW2d 169 (Mich, 2022).

that *Miller*'s retroactive protections should be extended to 18-year-old offenders, which served as a "foundation" or "base" for his challenge to the constitutionality of his mandatory sentence of life without parole. Likewise, in this case, defendant's assertion that this Court should extend *Miller*'s protections to 19-year-old offenders serves as a foundation for his successive motion for relief from judgment "based on a retroactive change in law" and is sufficient to overcome MCR 6.502(G)(2)'s procedural bar.[4]

### III. ENTITLEMENT TO RELIEF UNDER MCR 6.508(D)

Although defendant has satisfied the procedural requirements of MCR 6.502(G), binding precedent from our Supreme Court and this Court precludes us from finding that he is entitled to relief from judgment under MCR 6.508(D).

Defendant argues that his sentence is invalid because imposing a mandatory life sentence without the possibility of parole on a 19-year-old offender violates the Michigan Constitution's prohibition on cruel or unusual punishment. Our Supreme Court directed this Court to consider this issue in light of *Parks*, 510 Mich 225, and *Stovall*, 510 Mich 301. In *Parks*, 510 Mich at 268, our Supreme Court held that "mandatorily subjecting 18-year-old defendants convicted of first-degree murder to a sentence of life without parole violates the principle of proportionality derived from the Michigan Constitution . . . and thus constitutes unconstitutionally cruel punishment under Const. 1963, art. 1, § 16."[5]

Subsequently, two panels of this Court have held in binding, published opinions that the holding in *Parks* does not extend to offenders who are over 18 years old. In *People v Adamowicz (On Second Remand)*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 330612), this Court held that imposing a mandatory life sentence without the possibility of parole for first-degree murder on a defendant who was 21 years old at the time of the offense did not violate our Constitution's prohibition on cruel or unusual punishment. This Court reasoned that, in *People v Hall*, 396 Mich 650; 242 NW2d 377 (1976), our Supreme Court "already upheld the constitutionality of a sentence of life imprisonment without the possibility of parole imposed upon an adult for the crime of first-degree murder." *Id.* ___; slip op at 3. This Court concluded that it was bound by *Hall* because it had not been reversed or modified since its issuance, and because "the *Parks* Court conceded that it was not altering the holding in *Hall* to the extent it applied to defendants over the age of 18." *Id.* at ___; slip op at 4 (citing *Parks*, 510 Mich at 255 n 9).

A few months later, in *People v Czarnecki (On Remand, On Reconsideration)*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 348732), this Court declined to extend the holding

---

[4] Defendant also argues that his motion satisfies the second exception to the procedural bar in MCR 6.502(G) because it involves a claim of new evidence that was not discovered before his first motion for relief from judgment. Because defendant has already successfully asserted a retroactive change in law, we need not address this argument.

[5] In *Stovall*, 510 Mich at 322, our Supreme Court held that "a parolable life sentence for a defendant who commits second-degree murder while a juvenile violates Article 1, § 16 of the Michigan Constitution."

in *Parks* to a 19-year-old offender who was sentenced to mandatory life without parole for first-degree murder. This Court explained that it was not bound by the decision in *Adamowicz* because that case involved a 21-year-old offender. *Id.* at ___; slip op at 2. But this Court concluded, like in *Adamowicz*, that it was bound by *Hall* to uphold the constitutionality of the sentence because the defendant was over 18 years old. *Id.*

We are bound by this authority. See MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis."); *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded *and is not authorized to anticipatorily ignore our decisions where it determines that the foundations of a Supreme Court decision have been undermined*.") (emphasis in original). Accordingly, we must conclude that defendant's mandatory prison sentence of life without parole for first-degree murder committed at age 19 does not violate our Constitution's prohibition on cruel or unusual punishment. Const 1963, art 1, § 16.

IV. STANDARD 4 BRIEF[6]

Finally, in his Standard 4 brief, defendant argues that he was deprived of his due-process right to notice and his right to appeal because the trial court vacated his conviction of premeditated murder and reinstated his conviction of felony murder. This issue is not properly before us because it is beyond the scope of the Supreme Court's remand order, which only directed us to review defendant's sentencing issue in light of *Parks* and *Stovall*. See *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992) ("When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order.").

Regardless, we note that defendant's argument is based on a mistaken understanding of a clerical correction in the record. Defendant was convicted of first-degree premeditated murder, felony murder, and felony-firearm. Regarding the two homicide convictions, the trial court vacated defendant's felony-murder conviction and sentenced defendant for first-degree premeditated murder only. In September 2020, defendant filed two motions correctly identifying that the judgment of sentence and register of actions contained clerical errors regarding his convictions and sentence: the judgment of sentence listed the first-degree premeditated murder offense title but incorrectly listed the charging code for felony murder, and likewise, the register of actions incorrectly indicated that defendant was convicted of felony murder. Accordingly, on October 26, 2020, the trial court entered an amended judgment of sentence correcting the charging code and ordered the clerk to correct the clerical error in the register of actions. The error was merely clerical, not substantive, and has since been corrected.

Affirmed.

---

[6] Defendant filed a supplemental Standard 4 brief pursuant to Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004).

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani