*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STASKER/MEEKHOF/SMITH, Minors.

UNPUBLISHED
April 10, 2026
1:45 PM

No. 378123
Van Buren Circuit Court
Family Division
LC No. 25-020110-NA

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Respondent appeals by right following the trial court's initial order of disposition and challenges the trial court's exercise of jurisdiction over her minor children, AS, DM, and JS, under MCL 712A.12(B). Respondent contends that the trial court violated her right to due process by allowing testimony about allegations not contained in the petition and that there was insufficient evidence to establish a statutory basis for jurisdiction. We decline to reach those issues at this time. Instead, and while retaining jurisdiction, we remand for a hearing to determine whether this appeal has become moot.

The trial court assumed jurisdiction over the minor children under MCL 712A.2(b)(1) (parent neglected or refused to provide proper care when able to do so) and (b)(2) (the home or environment is an unfit place for the children to live). But the trial court later entered an order terminating its jurisdiction over the children. The trial court found that respondent had made progress toward alleviating or mitigating the conditions that brought the children under the court's jurisdiction. Accordingly, the court closed the case. This subsequent event raises the question whether this appeal is now moot.

"Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010). "Mootness . . . is an issue that courts are obligated to raise on their own throughout the course of the proceedings in order to avoid issuing opinions when there is no longer a controversy between the parties." *Turunen v Dir of Dep't of Natural Resources*, 336 Mich App 468, 479; 971 NW2d 20 (2021). "Generally speaking, a case becomes moot when an event occurs that makes it impossible for a reviewing court to grant relief, i.e., when the case presents only abstract questions

of law which do not rest upon existing facts or rights." *In re Smith*, 324 Mich App 28, 41; 919 NW2d 427 (2018) (quotation marks and citation omitted). An issue may also be moot if the remedy sought would not "have any practical legal effect upon a then existing controversy." *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 580; 957 NW2d 731 (2020) (quotation marks and citation omitted). "[R]eviewing a moot question would be a purposeless proceeding." *Richmond*, 486 Mich at 35 (quotation marks and citation omitted). See also *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 456; 761 NW2d 846 (2008) (stating that deciding a moot issue is essentially issuing an advisory opinion).

In this case, the trial court has already terminated its jurisdiction and closed the case. Therefore, an event has occurred that seemingly "makes it impossible" for this Court to grant relief. *In re Smith*, 324 Mich App at 41 (quotation marks and citation omitted). That is because the remedy sought would not "have any practical legal effect" in this case. *League of Women Voters of Mich*, 506 Mich at 580 (quotation marks and citation omitted).

One exception to the mootness doctrine "exists when an issue is moot, but is one of public significance and [is] likely to recur, yet may evade judicial review." *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018) (quotation marks and citation omitted; alteration in original). "An otherwise moot issue may thus appropriately be addressed by a court when there is a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review, in which case the issue, though moot, is nonetheless justiciable." *Id*. Although a failure to provide the proper due-process rights to a person is an issue of public significance, see *In re Tchakarova*, 328 Mich App 172, 181; 936 NW2d 863 (2019), even if this issue did arise again, it is highly unlikely that it would evade judicial review, as a court taking jurisdiction in a termination-of-parental-rights case is a common occurrence. Therefore, this exception to mootness does not apply.

Nonetheless, a case is not truly moot when "a court's adverse judgment may have collateral legal consequences" for a party. *In re Smith*, 324 Mich App at 41 (quotation marks and citation omitted). "When no such collateral legal consequences exist, and there is no possible relief that a court could provide, the case is moot and should ordinarily be dismissed without reaching the underlying merits." *Id*. (quotation marks and citation omitted). But when, as in this case, a trial court assumed jurisdiction, but the children were later returned to the respondent and the trial court terminated jurisdiction, several collateral consequences may remain. In *In re Holbrook*, 511 Mich 1097, 1097 (2023),[1] our Supreme Court recognized that a "[r]espondent's status on Michigan's child abuse and neglect Central Registry[2] . . . would likely have various collateral consequences . . . , including for her employment and for her ability to engage in certain school or extracurricular activities, among other things." Similar to *In re Holbrook*, 511 Mich 1097-1098, however, there is no showing in the current record regarding whether respondent is on the Central

---

[1] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[2] See MCL 722.622(d).

Registry.[3]  Further, respondent's potential placement on the Department of Health and Human Services's electronic case-management system, MCL 722.628(11), could also cause collateral consequences for respondent.  See *In re Holbrook*, 511 Mich at 1099.  "For example, if there were another case involving respondent and her children, Child[ren's] Protective Services (CPS) could then use that record to score various assessments concerning the child's risk of harm, and the scores for those assessments would in turn affect the actions CPS would choose to take in relation to the case."  *Id*.  Moreover, courts have previously recognized that disclosure of adjudications can affect employment prospects.  *Id*. at 1100.

As in *In re Holbrook*, 511 Mich at 1100, these potential collateral consequences are "neither definitively supported nor refuted with records in our Court."  And "the trial court is the better forum to make factual determinations."  *Id*.  Therefore, while retaining jurisdiction, we remand this case to the trial court for a hearing to determine whether the respondent will suffer collateral consequences as a result of the adjudication and whether this case has become moot.  See *id*. at 1101.

Remanded for proceedings consistent with this opinion.  We retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi

---

[3] As the Court noted, even if respondent were found to be on the Central Registry, she may be entitled to expungement, thereby possibly rendering the issue moot regardless.  See *In re Holbrook*, 511 Mich at 1099.

# Court of Appeals, State of Michigan

## ORDER

Daniel S. Korobkin
Presiding Judge

IN RE STASKER/MEEKHOF/SMITH MINORS

Adrienne N. Young

Docket No.     378123

LC No.          25-020110-NA

Mariam Saad Bazzi
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings.  We retain jurisdiction.  After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal.  Any challenges to the trial court's decisions on remand must be raised in this appeal.  Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal.  The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 14 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded.  As stated in the accompanying opinion, we remand for a hearing to determine whether this appeal has become moot. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court.  Appellant must file with this Court copies of all orders entered on remand within seven days of entry.  Either party may submit a supplemental brief on the issue of mootness within 21 days after the conclusion of the remand proceedings.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____
April 10, 2026
Date

_____
Chief Clerk